UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **METROPOLITAN LIFE INSURANCE COMPANY,**<br><br>  Plaintiff,<br><br>v.<br><br>JENNIFER G. BARBOUR,<br>JULIAN P. STEPTOE,<br>JAMILLA R. LANKFORD,<br>ADAM A.D. BARBOUR,<br>JACINTO A. RHINES,<br>JOHN P. RHINES,<br>JESSE A. RHINES,<br>JEROME C. RHINES,<br>CAROLYN C. STEPTOE,<br>JULIE S. LEE,<br>MARSHA S. CULLER,<br>VERONICA VERA, AND<br>JORDAN FUNERAL SERVICE, INC.<br><br>  **Defendants.** | )<br>)<br>)<br>)<br>)<br>)  Case No. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### MOTION FOR INTERPLEADER RELIEF

Plaintiff Metropolitan Life Insurance Company ("MetLife"), through undersigned counsel, and pursuant to Federal Rules of Civil Procedure 22 and 67, respectfully requests that the Court order interpleader relief on behalf of Plaintiff. In support thereof, Plaintiff states as follows.

1.  MetLife admits that it is the funding source for and claim fiduciary under the Federal Employees' Group Life Insurance Program ("the Program") and that Julia W. Barbour ("Decedent") was a participant in the Program at the time of her death. Pursuant to the Program, the decedent's beneficiary or beneficiaries are entitled to payment of benefits in the amount of $134,000.00 for basic life insurance coverage (the "Program Benefits").

2.  MetLife is merely a stakeholder and claims no beneficial interest in the Program. MetLife is exposed to inconsistent and/or multiple claims for payment of the Program Benefits.

3.  The alleged beneficiaries under the terms of the Program, and who are claiming entitlement to the Program Benefits, have been properly joined in this action and are subject to the Court's jurisdiction.

4.  MetLife is willing to pay the Program Benefits plus any applicable interest into the Court upon entry of an order dismissing it from this action.

WHEREFORE, Plaintiff respectfully requests that this Court enter an order: (1) allowing MetLife to tender to the Clerk of the Court the Program Benefits in the amount of $134,000.00 plus any applicable interest; (2) directing the Clerk, upon receipt, to deposit the Program Benefits into a segregated interest bearing account referencing this case and "FEGLI Program Benefits;" (3) allowing MetLife to submit to the Court for consideration its attorneys' fees and costs incurred in connection with this proceeding so that the Court may award reasonable attorneys' fees and costs to MetLife upon its dismissal from this action; and (4) upon confirmation by the Clerk of the payment of the Program Benefits plus any applicable interest by MetLife, dismissing MetLife with prejudice from this action and providing for such other relief as requested in MetLife's Interpleader Complaint.

Respectfully submitted,

METROPOLITAN LIFE INSURANCE COMPANY

This 20th day of September, 2007.

*[signature]*

Ronda Brown Esaw, Esq. (D.C. Bar No. 494516)
McGUIREWOODS LLP
1750 Tysons Boulevard, Suite 1800
McLean, Virginia 22102-4215
Telephone: (703) 712-5392
Facsimile: (703) 712-5251
resaw@mcguirewoods.com

Attorney for Plaintiff, Metropolitan Life
Insurance Company

\4711854.1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **METROPOLITAN LIFE**<br>**INSURANCE COMPANY,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**JENNIFER G. BARBOUR,**<br>**JULIAN P. STEPTOE,**<br>**JAMILLA R. LANKFORD,**<br>**ADAM A.D. BARBOUR,**<br>**JACINTO A. RHINES,**<br>**JOHN P. RHINES,**<br>**JESSE A. RHINES,**<br>**JEROME C. RHINES,**<br>**CAROLYN C. STEPTOE,**<br>**JULIE S. LEE,**<br>**MARSHA S. CULLER,**<br>**VERONICA VERA, AND**<br>**JORDAN FUNERAL SERVICE, INC.**<br><br>    **Defendants.** | )<br>)<br>)<br>)<br>)<br>)    Case No. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **INTERPLEADER ORDER**

Upon Motion of Plaintiff Metropolitan Life Insurance Company ("MetLife"), through counsel, the Court enters this Interpleader Order for the life insurance benefits payable under the Federal Employees' Group Life Insurance Program ("the FEGLI Program") upon the death of Julia W. Barbour ("Decedent"). In its Complaint, MetLife admits that the federal government, pursuant to the Federal Employee's Group Life Insurance Act, purchased a policy of group life insurance providing coverage for eligible civilian employees. The Decedent was a civilian employee and therefore a participant in the FEGLI Program at the time of his death. Pursuant to

the FEGLI Policy, the Decedent's designated beneficiaries are entitled to payment of basic life insurance benefits totaling $134,000.00 plus any applicable interest (the "FEGLI Proceeds").

The Court finds that MetLife is merely a stakeholder and claims no beneficial interest in the FEGLI Proceeds. The Court further finds that MetLife is exposed to inconsistent and/or multiple claims for payment of the FEGLI Proceeds. The Court further finds that the alleged beneficiaries under the terms of the FEGLI Program, who claim entitlement to the FEGLI Proceeds, have been properly joined in this action and are subject to the Court's jurisdiction.

MetLife is willing to pay the FEGLI Proceeds into the Court upon entry of this Order dismissing it with prejudice from the litigation.

Accordingly, it is hereby ordered pursuant to 5 U.S.C. § 8715, 28 U.S.C. §§ 1331, 1332, and 1335, and Federal Rules of Civil Procedure 22 and 67, that: 1) MetLife is permitted to tender the FEGLI Proceeds to the Clerk of this Court in the amount of $134,000.00 plus any applicable interest and MetLife shall tender such amount within 30 days of the entry of this Order; 2) the Clerk shall deposit the FEGLI Proceeds into a segregated, interest bearing account referencing this case and "FEGLI Proceeds"; 3) MetLife shall submit to the Court for consideration its attorneys' fees and costs incurred in connection with this proceeding so that the Court may award reasonable attorneys' fees and costs to MetLife upon its dismissal with prejudice from this action; and 4) upon confirmation by the Clerk of payment of the FEGLI Proceeds, the Court shall enter the attached draft order (Attachment A) that will discharge MetLife, the United States Office of Personnel Management, their affiliated entities, and the FEGLI Program from any further liability arising under the FEGLI Program as a consequence of the death of Decedent and dismiss MetLife with prejudice from this action and provide for other relief requested in MetLife's Interpleader Complaint.

IT IS SO ORDERED.

_____
Judge
United States District Court for
the District of Columbia

Entered _____

\4711516.1