UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**RECEIVED**

NOV 2 0 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | | |
|---|---|---|
| METROPOLITAN LIFE<br>INSURANCE COMPANY<br>    One Metlife Plaza<br>    27-01 Queens Plaza North<br>    Long Island, NY 11101 | ) ) ) ) ) ) | Case 1:07-cv-01665<br>Assigned To: Kollar-Kotelly, Colleen<br>Assign. Date: 9/20/2007<br>Description: Contract |
| Plaintiff | ) ) | |
| v. | ) ) | |
| JENNIFER BARBOUR, et al,<br>    901 6th Street, S.W., #606<br>    Wash., D.C. 20024 | ) ) ) ) ) | |
| Defendants. | ) | |

ANSWER OF DEFENDANT, JOHN P. RHINES, Pro Se

The case referenced above lists me as a defendant. I am Mrs. Julia Barbour's second

child, John P. Rhines.  I made an affidavit (Plaintiff's Exhibit G) in support of my sister,

Jennifer Barbour, whom Metropolitan Life Insurance Co. ("MetLife") has disavowed as sole

beneficiary of my mother's OFEGLI insurance policy.  Subsequently, MetLife invited me to file

a claim or assign my "share" to Jennifer Barbour.  As I was aware that no such "share" existed,

and in accordance with the wishes of my mother as she expressed to me, I did not file a claim.

OPM had certified to MetLife that Jennifer was the sole beneficiary, despite the word

"Trustee," and it seems this should have removed any question at Metlife.  I must reiterate,

therefore, my assertions in my affidavit that my mother told me specifically that Jennifer would

be the sole beneficiary.  My mother discussed this with me several times and I agreed and was

content with her decision.

U.S. District Court for
The District of Columbia

I have a question, however, as to the basis for MetLife's failure to follow the OPM's

Certification. Instead, they made their own decision and then invited claims from me and my

siblings, promising to pay us a share if they received at least 7 claims. This is totally absurd. Is it

customary for a subcontractor of the Federal Government to override Federal agency Certifications

in such fashion? I also note that Metlife's Interpleader refers to Mrs. Mary Lomax as a "co-worker"

(p.8, para. 30) rather than the Human Relations Specialist whose job it was to handle insurance

forms for employees in her Federal office, a suspiciously disingenuous slight that seems designed

to diminish the relevance of Mrs. Lomax's affidavit supporting Jennifer's legitimate claim.

I ask you, respectfully, therefore, to make a finding that will establish Jennifer Barbour as

the sole beneficiary, as I know my mother fully intended and finally decided to do. I ask the Court

to note that my testimony guarantees me no assignment of money, evidence that, my intentions are

to serve the truth and honor my mother's final wishes.

Thank you for your consideration.

Respectfully submitted,

*John P. Rhines*

John P. Rhines, Defendant Pro Se
5233 N. Capitol St., N.E., #312
Washington, D.C. 20011
(202) 882-5037
Case 1:07-cv-01665