UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY | ) ) ) |
| *Plaintiff* | ) ) |
| v. | ) Case No. 1:07-CV-01665 - CKK ) |
| JENNIFER G. BARBOUR, et al. | ) ) |
| *Defendants* | ) |

### ANSWER OF DEFENDANT JENNIFER G. BARBOUR
### TO THE COMPLAINT

COMES KNOW defendant Jennifer G. Barbour, by and through her attorney, Johnny M. Howard, to answer plaintiff's complaint as follows:

### First Defense

The complaint fails to state a claim against defendant Jennifer G. Barbour upon which relief can be granted.

### Second Defense

1. Defendant admits the she has rightfully claimed entitlement to the proceeds of the life insurance policy owned by her mother, now deceased. Defendant denies the remaining allegations contained in paragraph numbered 1 of the complaint.

2. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph numbered 2 of the complaint.

3. Defendant admits the allegations contained in paragraph numbered 3 of the complaint.

4. Defendant denies the allegations contained in paragraph numbered 4 of the complaint.

## JURISDICTION AND VENUE

5.      Defendant admits that existence of the statutes and regulations cited in paragraph numbered 5 of the complaint, but denies that jurisdiction is necessarily conferred upon the Court solely by reason thereof.

6.      Defendant admits that existence of the statutes and regulations cited in paragraph numbered 6 of the complaint, but denies that jurisdiction is necessarily conferred upon the Court solely by reason thereof.

7.      Defendant admits that existence of the Federal Rules of Civil Procedure cited in paragraph numbered 7 of the complaint, but denies that jurisdiction is necessarily conferred upon the Court solely by reason.

8.      Defendant admits that existence of the statutes and regulations cited in paragraph numbered 8 of the complaint, but denies that venue is necessarily conferred upon the Court solely by reason.

9.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph numbered 9 of the complaint.

10.     Defendant admits that she is the youngest daughter of the decedent and is the sole beneficiary of the FEGLI insurance policy. Defendant denies the remaining allegations contained in paragraph numbered 10 of the complaint.

11 – 20.     Defendant admits that the persons identified in paragraphs numbered 11 through 20 are children of the decedent and are her siblings. Defendant also admits that her siblings reside in the cities and states identified.

21.     Defendant admits that Veronica Vera is the daughter of Jamilla Lankford and is the granddaughter of the decedent and is her niece (elder in age). Defendant is without knowledge

or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph numbered 21 of the complaint.

22.     Defendant admits the allegations contained in paragraph numbered 22 of the complaint.

### FACTUAL BACKGROUND

23.     Defendant admits that decedent passed on December 2, 2006 and that under the beneficiary designation form and the existing case law, the proceeds from the FEGLI policy should have been paid over to her.  Defendant denies the remaining allegations contained in paragraph numbered 23 of the complaint.

24.     Defendant admits the existence of the statute cited in paragraph numbered 24 of the complaint, but denies its applicability to the facts of this case.

25.     Defendant admits that under 5 U.S.C. §8705(a), the September 2, 1998 designation of beneficiary form signed by the decedent, two witnesses, certified, and received by the federal agency before the death of the decedent is valid.  Defendant denies the remaining allegations contained in paragraph numbered 25 of the complaint.

26.     Defendant admits the allegations contained in paragraph numbered 26 of the complaint and asserts that personnel at the Office of Personnel Management confirmed that Jennifer G. Barbour was the sole beneficiary of the insurance policy.

27.     Defendant admits that she filed a claim for the insurance proceeds to which she was entitled.  Defendant vehemently denies the remaining allegations contained in paragraph numbered 27 of the complaint.

28.     Defendant denies the allegations contained in paragraph numbered 28 of the complaint.

29.     Defendant admits that a spouse did not survive the decedent.  Defendant denies the remaining allegations contained in paragraph numbered 29 of the complaint.

30. Defendant admits that on or about March 5, 2007, she sent a certified letter to OFEGLI attaching in support of her claim the affidavit of Mrs. Mary Lomax, now a retired Human Resource Specialist who certified the designation of beneficiary form completed by her mother. Defendant denies the remaining allegations contained in paragraph numbered 30 of the complaint.

31. Defendant admits the existence of the statute and case authority cited in paragraph numbered 31 of the complaint, but denies that said statute and case authority control the facts presented by this case.

32. Defendant denies the allegations contained in paragraph numbered 32 of the complaint.

33. Defendant is without knowledge or information sufficient to form a belief as to the truth of the information contained in paragraph numbered 33 of the complaint.

## INTERPLEADER

34. Defendant incorporates by reference paragraphs numbered 1 through 33 as her answer to paragraph numbered 34 of the complaint.

35. through 43. Defendant denies the allegations contained in paragraph numbered 35 through 43 of the complaint.

Further answering the complaint, Defendant denies that plaintiff is entitled to the relief prayed for in clauses 1 through 6 and denies all allegations of misconduct, wrongdoing and any allegations not specifically admitted or otherwise answered.

## Third Defense

Under the American Rule, plaintiff Metropolitan Life Insurance Company is responsible for its own attorney's fees.

**Fourth Defense**

Plaintiff Metropolitan Life Insurance Company invited and solicited the claims from this defendant's siblings and created conflicting claims by promising the prospective claimants a share of the life insurance proceeds, to be paid within days after the filing of a claim.

**Fifth Defense**

On September 2, 1998, the decedent confirmed with a Human Resources Specialist from the United States Department of Labor that the designation of beneficiary form of the same date was satisfactory and appropriate to pay the full proceeds to the Defendant in her individual capacity.  Additionally, on subsequent dates up through the date of the decedent's retirement, the designation was affirmed as being appropriate and consistent with the wishes of the decedent.  At no time was decedent informed that another entity, namely Metropolitan Life Insurance Company was a party to or a source to be contacted to ensure the acceptability of the designation of beneficiary form to effectuate the decedent's expressed wishes.

**Sixth Defense**

The actions of defendant's decedent were exercised in good faith and with the belief that she was adhering to the requirements given to her by the Office of Personal Management and by her employing agency's official.

**Seventh Defense**

After the decedent's death, representatives from the Office of Personnel Management notified the Defendant that she was indeed the designated beneficiary.  Said representatives then instructed Defendant on how to apply for the insurance proceeds.

**Eighth Defense**

Plaintiff is required to make payment under 5 U.S.C.§ 8705 (a), as amended in 1966 by Congress and the manifest intent of the insured was addressed in Congress' amending this section of the FEGLIA ACT to specifically address designations made that were not witnessed, not signed, and not turned in before the death of the insured only.  *Terry v. LaGrois,* 354 F.2d 527 (6th Cir. 2004).

> Respectfully submitted,
> HOUSTON & HOWARD
>
> /s/Johnny M. Howard
>
> _____
> Johnny M. Howard, #264218
> 1001 Connecticut Avenue, NW
> Suite 402
> Washington, D.C.  20036
> (202) 628-7058
> Email:  houhow@erols.com
> Attorney for Defendant Jennifer G. Barbour

**CERTIFICATE OF SERVICE**

This case was filed under the United States District Court for the District of Columbia's ECF electronic file and serve system.  This Answer of defendant Jennifer G. Barbour was filed with such Court and served on all parties herein electronically through such ECF electronic file and serve system on November 26, 2007.  For parties who cannot access the ECF file and serve system, a copy of the Answer of Defendant Jennifer G. Barbour to the Complaint will be mailed, first-class, postage prepaid, the 27th day of November 2007 to Julian P. Steptoe, 3010 Wilshire Boulevard, #299, Los Angeles, CA 90010; Jamilla R. Lankford, 5203 Woodlawn Place, Bellaire , TX 77401; Veronica Vera, 5203 Woodlawn Place, Bellaire , TX 77401; Marsha S. Culler, 11519 Sequoia Lane, Beltsville, MD 20705; Julie S. Lee, 607 Bridle Lane, Birmingham, AL

35243; Carolyn C. Steptoe, 1257 Lawrence Street, NE, Washington, DC  20017; Jerome C. Rhines. 11048 Anietem Drive, Alta Loma, CA 91737; the Jordan Funeral Service, Inc., 5021 Illinois Avenue, NW, Washington, DC  20011; Adam A. D. Barbour, 901 – 6th Street, SW, #606A, Washington, DC  20024; Jacinto A, Rhines, 1764 W 24th Street, Los Angeles, CA 90018; John P. Rhines, 5233 North Capitol Street, NE, #312, Washington, DC 20011; and Jesse A. Rhines, 2122 Pico Boulevard #D, Santa Monica, CA 90405.

      */s/ Johnny M. Howard*
      Johnny M. Howard