UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

METROPOLITAN LIFE
INSURANCE COMPANY,

    Plaintiffs

v.

JENNIFER G. BARBOUR, et.al.,

    Defendants.

Case No. 1:07-cv-01665 (CKK)

## ANSWER OF JULIE LEE TO COMPLAINT IN INTERPLEADER

Defendant Julie (Steptoe) Lee, Esquire (the "Defendant"), proceeding *Pro Se*, responds as follows to the Plaintiff's Complaint in Interpleader.[1]

### FIRST DEFENSE

Plaintiff's Complaint in Interpleader fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

The Plaintiff is not entitled to interpleader relief because it does not have clean hands. *Pan American Fire & Casualty Co. v. Revere*, (1960, ED La) 188 F.Supp 474, 3 FR Serv 2d 400; *Holcomb v. Aetna Life Ins. Co.*, (1955, CA10 Okla) 228 F.2d 75, *cert. denied* (1956) 350 U.S. 986, 100 L Ed 853, 76 S.Ct. 473, *re. denied* (1956) 350 U.S.

---

[1] This answer incorporates all exhibits filed, or to be filed, by Defendant Carolyn Steptoe. It also incorporates the beneficiary designations filed by Plaintiff.

1

1016, 100 L.Ed 875, 76 S.Ct. 657. *Calloway v. Miles*, (1920, CA6 Ky) 30 F.2d 14 [2] I first became aware of unsuccessful attempts by certain of my siblings to secure all my mother's life insurance proceeds for Jennifer Barbour, Esquire, in late May 2007; this information was not readily provided to me. On receipt of the information, I contacted the Plaintiff.[3] The Plaintiff advised me verbally of the following:

(1) that in, or about, February 2007, Plaintiff denied Jennifer Barbour's claim to the total amount of my mother's life insurance proceeds and committed to distributing the proceeds in the "order of precedence" (as set out in 5 U.S.C.S., Sec. 8705(a));

(2) that the "order of precedence" provided for an equal share of the proceeds to all of my mother's children;

(3) that I should immediately file a claim for payment; and

(4) that Plaintiff would distribute my share to me when it received my mother's last husband's death certificate, and as soon as its internal processes made distribution feasible.

After I filed a claim in July 2007 (five months after Plaintiff denied Jennifer Barbour's claim),[4] the Plaintiff delayed payment to me. Plaintiff first attributed the delay to a need to determine the number of children my mother had, and then to a requirement that it receive claims from seven (7) of my mother's children. Plaintiff refused to identify any legal authority for its position, but continued to assert its intent to pay me on my

---

[2] This defense incorporates by reference the facts and arguments contained in my other defenses and counterclaim.
[3] On information and belief, I had not been identified to the Plaintiff as one of my mother's children. The Plaintiff requested that I identify all my mother's children because they would be entitled to a share of the proceeds.
[4] I am unable to locate a copy of my claim form, but Plaintiff concedes I filed a claim and there is document evidence (email) on the instant record that supports that I did.

claim. At the same time, Plaintiff continued to invite my siblings to file claims.

Plaintiff never paid my claim or any other claim; instead, Plaintiff filed this lawsuit.

On information and belief, the Plaintiff knowingly, intentionally, maliciously, recklessly and in bad faith lured me into a "false dispute" with my siblings by inviting me to file a claim it never intended to pay. Specifically, after Plaintiff denied Jennifer Barbour's claim for 100 percent of my mother's insurance proceeds, she submitted an affidavit by Mary Lomax stating that my mother intended that Jennifer Barbour receive all her life insurance proceeds. Contrary to the FEGLI statute and the Plaintiff's contractual and fiduciary duties, Ms. Lomax was both the Plaintiff's representative and witness on my mother's beneficiary designation. On information and belief she was, and is, an agent for Jennifer Barbour, a person with a fiduciary interest in my mother's insurance policy. The full extent of Ms. Lomax' conduct may be unknown at this time. However, once the Plaintiff discovered Ms. Lomax' improprieties and their implications, it engaged on a course of conduct aimed at covering up and minimizing Ms. Lomax' actions and its liability.[5]

Plaintiff's true reason for seeking interpleader relief is not fear of multiple lawsuits generated by adverse claims.[6] Instead, Plaintiff seeks to extricate itself from the conflict created by the conduct of its employee/agent, minimize its legal

---

[5] The Plaintiff proffers, in paragraph 30, that Ms. Lomax was my mother's "co-worker." In fact, Ms. Lomax was the official charged with administering beneficiary designations on behalf of Plaintiff. She signed both designations in that capacity, but also signed as a witness. This, alone, might render both designation void and necessitating distribution by "order of precedence."

[6] In fact, Plaintiff denied Jennifer Barbour's claim on its own merit, without adverse claims having been raised. Plaintiff decided to distribute based on the "order of precedence" before and independent of any other claim.

3

exposure for her conduct, and avoid independent liability for her improper activities. While shifting this matter to the Court to avoid or minimize increased and/or independent liability for its misconduct may be in Plaintiff's best interest, it is not a basis for interpleader, it is improper and illegal, it is unfair to the Court and me, and it is being conducted in bad faith – with substantial harm flowing to me. The preceding militates against the grant of interpleader relief to the Plaintiff.

### **THIRD DEFENSE**

This defense incorporates by reference relevant facts and arguments contained in my other defenses and my counterclaim. The Plaintiff has sufficient remedy at law to pay my claim without interpleader relief. *Sanders V. Armour Fertilizer Works,* (1934) 292 U.S. 190, 78 L Ed. 1206, 54 S. Ct. 677, 91 ALR 950, reh.denied (1934), 202 U.S. 612, 78 L Ed. 1472, 54 S.Ct. 855; *See, Star Insurance Co. v Cedar Valley Express, LLC et. Al.,* 273 F. Supp. 2d 38, 42 (D.C.D.C.2002*); MFA Mut. Ins. Co. v. Lusby* (1969, WD Va) 295 F. Supp 660. No party appears to dispute that my mother's most recent designation listed Jennifer Barbour as the trustee over her insurance policy, or that my mother set up a trust. Jennifer Barbour apparently advised the Defendant, with no explanation, that a trust "no longer" existed. Moreover, the Plaintiff made its determination to pay under the "order of precedence" before I even knew about the insurance policy or the Plaintiff's dispute with Jennifer Barbour (and those of my siblings with whom she conferred and/or entered into financial understandings). The FEGI statute is clear as to how payment should be made if no beneficiary is designated, or if a trustee is appointed, but no trust set up or maintained. The FEGLI statute is to be strictly

4

interpreted. *Thomas, et. al. v. Metropolitan Life Insurance Company*, 921 F.Supp. 810 (D.C.D.C. 1996). Interpleader relief should be denied because the Plaintiff has sufficient remedy at law and has admitted that it does in paragraphs 23 – 31 of its complaint.[7]

### FOURTH DEFENSE

The defense incorporates by reference relevant facts and argument set forth my other defenses and my counterclaim. The Plaintiff did not move for interpleader relief in "good faith." [8]*Holcomb v. Aetna Life Ins. Co.*, (1955, CA10 Okla) 228 F.2d 75, *cert. denied* (1956) 350 U.S. 986, 100 L Ed 853, 76 S.Ct. 473, *re. denied* (1956) 350 U.S. 1016, 100 L.Ed 875, 76 S.Ct. 657. The Plaintiff supports its interpleader action on the notion that it is (or may be) suffering "vexation and expense" and is unable to made a determination on my claim without the risk of being subject to suit. If Plaintiff was vexed and undergoing expense, that was because of its own actions: duplicitous representations to the parties, misrepresentations of facts, and/or impropriety or negligence on the part of its employees and/or agents. *Powers v. Metropolitan Life Insurance Company*, et al., 142 U.S. App. D.C. 95; 439 F.2d 605 (1971). Plaintiff has clear authority to pay my claim (as it has admitted to me and family member and to this Court in paragraphs 23-31 of its complaint). Moreover, Plaintiff's true intent for seeking interpleader relief is not fear of multiple lawsuits

---

[7] If the Court decides to entertain extrinsic evidence of my mother's intent, I reserve the right to offer evidence that my mother did not intend or desire to leave Jennifer Barbour all her insurance proceeds, and evidence of conduct that would cast doubt on the reliability of certain claims regarding my mother's intent. I offered such information to Plaintiff, but was directed against submission with promises that a decision already had been made and that I would be paid.

[8] This defense also is offered as an affirmative defense if this Court concludes that is it not an essential element of the interpleader claim.

generated by adverse claims. Instead, Plaintiff seeks to use this Court to minimize its exposure and avoid and/or minimize its independent liability for its improper activities.

## FIFTH DEFENSE

I incorporate by reference relevant facts and argument set forth in my other defenses and my counterclaim. The Plaintiff is a central party and witness, rather than a disinterested stakeholder, on the question of payment of my mother's insurance proceeds. In fact, one of its employees and/or agents played a central role in my mother's beneficiary designations and efforts by certain of my siblings to obtain payment under the policy. On information and belief, other of the Plaintiff's employees (Linda Riveria, Steve Delucie, Nina Storck, among unknown others) knowingly, intentionally, recklessly, wrongfully and unnecessarily attempted to deprive me, or prolong payment of, my equitable share of my mother's insurance proceeds.[9] *Copanion Life Ins. v.. Schaffer*, (1977, DS NY) 442 F. Supp. 826. That issue, too, is before this Court.

## BACKGROUND

1.      I admit my entitlement to a portion of the proceeds, and admit (on information and belief) that Jennifer Barbour claimed that she was my mother' sole beneficary.

---

[9] Payment of attorney fees and other costs and amounts may be warranted as a sanction against the Plaintiff because it intentionally withheld relevant information from this Court. Notably missing from Plaintiff's exhibits and proffer of facts and argument are numerous pieces of email and other correspondence establishing that the Plaintiff repeatedly told me and other siblings that it would pay my claim in accord with the "order of precedence."

2.  I lack sufficient information and knowledge to admit or deny the allegations contained in paragraph 2 of Plaintiff's complaint.

3.  I admit, on information and belief, the allegations contained in paragraph 3 of Defendant's complaint.

4.  I deny the allegations contained in paragraph 4 of Plaintiff's complaint.

## JURISDICTION AND VENUE

5.  I deny that the statutory authority alleged by Defendant in paragraph 5 of its complaint necessarily confers jurisdiction on this Court over all claims relevant to this action.

6.  I deny that the statutory authority alleged by Defendant in paragraph 6 of its complaint necessarily confers jurisdiction on this Court over all claims relevant to this action.

7.  I deny that that the statutory authority alleged by Defendant in paragraph 7 of its complaint necessarily renders joinder appropriate in the instant action.

8.  I deny that the statutory authority alleged by Defendant in paragraph 8 of its complaint necessarily renders venue in the District of Columbia appropriate.

## PARTIES

9.  Plaintiff's allegations contained in paragraph 9 of Plaintiff's complaint largely constitute legal conclusions or statements of the Plaintiff to which no response is required.

10. The allegations contained in paragraph 10 of Plaintiff's complaint properly are addressed to Defendant Jennifer G. Barbour, Esquire. Moreover, I lack sufficient

7

information and knowledge to admit or deny the residency allegations contained in paragraph 10 of Plaintiff's complaint.

11. The allegations contained in paragraph 11 of Plaintiff's complaint properly are addressed to Defendant Julian P. Steptoe. Moreover, I lack sufficient information and knowledge to admit or deny the residency allegations contained in paragraph 11 of Plaintiff's complaint.

12. The allegations contained in paragraph 12 of Plaintiff's complaint properly are addressed to Defendant Jamilla R. Lankford. Moreover, I lack sufficient information and knowledge to admit or deny the residency allegations contained in paragraph 12 of Plaintiff's complaint.

13. The allegations contained in paragraph 13 of Plaintiff's complaint properly are addressed to Defendant Adam A.D. Barbour. Moreover, I lack sufficient information and knowledge to admit or deny the residency allegations contained in paragraph 13 of Plaintiff's complaint.

14. The allegations contained in paragraph 14 of Plaintiff's complaint properly are addressed to Defendant Jacinto A. Rhines. Moreover, I lack sufficient information and knowledge to admit or deny the residency allegations contained in paragraph 14 of Plaintiff's complaint.

15. The allegations contained in paragraph 15 of Plaintiff's complaint properly are addressed to Defendant John P. Rhines. Moreover, Defendant Julie Lee lacks sufficient information and knowledge to admit or deny the residency allegations contained paragraph 15 of Plaintiff's complaint

16.  The allegations contained in paragraph 16 of Plaintiff's complaint properly are addressed to Defendant Jesse A. Rhines, Phd. Moreover, I lack sufficient information and knowledge to admit or deny the residency allegations contained in paragraph 16 of Plaintiff's complaint

17.  The allegations contained in paragraph 17 of Plaintiff's complaint properly are addressed to Defendant Jerome C. Rhines. Moreover, I lack sufficient information and knowledge to admit or deny the residency allegations contained paragraph 17 of Plaintiff's complaint.

18.  The allegations contained in paragraph 18 of Plaintiff's complaint properly are addressed to Defendant Carolyn C. Steptoe. Defendant Julie Lee admits, on information and belief, that Carolyn C. Steptoe is a resident of the District of Columbia.

19.  Defendant Julie S. Lee admits the allegations contained in paragraph 19 of Plaintiff's complaint.

20.  The allegations contained in paragraph 20 of Plaintiff's complaint properly are addressed to Defendant Marsha S. Culler. I admit, on information and belief, the residency allegations contained in paragraph 20 of Plaintiff's complaint.

21.  The allegations contained in paragraph 21 of Plaintiff's complaint properly are addressed to Veronica Vera. I lack sufficient information and knowledge to admit or deny the residency allegations contained in paragraph 21 of Plaintiff's complaint, but deny that Veronica Vera is a minor individual.

22.  I lack sufficient information and knowledge to admit or deny the principal place of business of Jordan Funeral Services, Inc.

## FACTUAL BACKGROUND

23.   I admit that Julia W. Barbour died on December 2, 2006. The remaining allegation contained in paragraph 23 of Plaintiff's complaint is a statement of Plaintiff's legal conclusion to which no response is required.

24.   The allegation contained in paragraph 24 of Plaintiff's complaint is a statement of legal authority and Plaintiff's legal conclusion to which no response is required.

25.   I admit, on information and belief, the factual allegations contained in paragraph 25 of Plaintiff's complaint. The remaining allegation is a statement of Plaintiff's legal conclusion to which no response is required.

26.   I admit, on information and belief, the allegations contained in paragraph 26 of Plaintiff's complaint.

27.   I admit, on information and belief, the allegations contained in paragraph 27 of Plaintiff's complaint.

28.   I admit, on information and belief, the allegations contained in paragraph 28 of Plaintiff's complaint.

29.   Defendant Julie Lee admits that Julia W. Barbour was not survived by a spouse. The remaining allegation contained in paragraph 29 of Plaintiff's complaint is a statement of Plaintiff's legal conclusion to which no response is required.

30.   I admit, on information and belief, the allegations contained in paragraph thirty 30 of Plaintiff's complaint, except that I deny that Mary Lomax was my mother's mere "co-worker.

31. I admit, on information and belief, the legal conclusions stated in paragraph 31 of Plaintiff's complaint.

32. I admit, on information and belief, the allegations contained in paragraph 32 of Plaintiff's complaint,

33. I admit the allegations in paragraph 33 of Plaintiff's complaint regarding her individual FEGLI claim. The allegation regarding a claim by Carolyn Steptoe properly is addressed to her.

## INTERPLEADER

34. My responses to paragraphs one 1 through 33 of Plaintiff's complaint are incorporated by reference into my responses to paragraphs 35 through 43 of Plaintiff's complaint.

35. I deny Plaintiff's allegations contained in paragraph 35 of Plaintiff's complaint.

36. I deny Plaintiff's allegations contained in paragraph 36 of Plaintiff's complaint.

37. I deny Plaintiff's allegations contained in paragraph 37 of Plaintiff's complaint.

38. I deny Plaintiff's allegations contained in paragraph 38 of Plaintiff's complaint.

39. I deny Plaintiff's allegations contained in paragraph 39 of Plaintiff's complaint.

40. I deny Plaintiff's allegations contained in paragraph 40 of Plaintiff's complaint.

41. I deny Plaintiff's allegations contained in paragraph 41 of Plaintiff's complaint.

42. Plaintiff's allegations contained in paragraph 42 of Plaintiff's complaint are Plaintiff's statement of its claim and legal conclusions to which no response is required.

43. Plaintiffs allegations contained in paragraph 43 of Plaintiff's complaint is Plaintiff's statement of its claim to which no response is required.

## PLAINTIFF'S REQUEST FOR RELIEF

1 – 6.   The allegations contained herein represent Plaintiff's request for relief to which no response is required.

## AFFIRMATIVE DEFENSES

1.   The Plaintiff has waived its right to interpleader relief by representing directly to me, other persons and/or to the Court, that payment should be made to me. In fact, the Plaintiff has gone beyond a mere belief of my entitlement, but has admitted in paragraphs 23 through 33 of its complaint that I should be paid a share under the statutory scheme set out in the "order of precedence." The Plaintiff states, in essence, that because Jennifer G. Barbour was listed as a "trustee" on the most recent beneficiary designation, and because a trust no longer existed (Jennifer G. Barbour apparently told them that a trust "no longer" existed at the time of my mother's death), I should paid in accord with the statutory "order of precedence." The Defendant offers that the "order of precedence" cannot be replaced by "extrinsic evidence of the insured's intent nor by personal or equitable factors that a claimant maintains entitle him or her to payment."

3.   The Plaintiff should pay interest on my claim because it knowingly, intentionally, maliciously, recklessly, unnecessarily and unreasonably delayed payment of my claim. *Powers v. Metropolitan Life Insurance Company*, et al., 142 U.S. App. D.C. 95; 439 F.2d 605 (1971).

4.   The Plaintiff, and/or its agents and employees, may have committed fraud and/or colluded with others to deprive me of my entitlement to my share of my mother's life insurance proceeds.

5. The Plaintiff made material misrepresentation of fact and rule in order to deprive me of my entitlement to my share of my mother's life insurance proceeds.

6. The Plaintiff lured the parties into a "dispute" for the purpose of denying payment to me of her share of proceeds to my mother's life insurance proceeds.

7. The Plaintiff's request for interpleader is barred on the ground of laches.

11. The Plaintiff is not entitled to costs or attorney's fees. *Continental Trust Co. v. Corbin*, 80 F. Supp 394 (DC Dist. Col. 1924)(attorney fees not warranted in interpleader action where Defendant is seeking court assistance in carrying out it business responsibilities); *Unum Life Ins. Co. Am v. Kelling* (2001) MD Tenn) 170 F. Supp 792. Moreover, any choice or need to seek interpleader relief is the Plaintiff's sole fault, or that of third-parties. I am innocent and proceeding in good faith. My claim was made at the invitation of the Plaintiff after it made a unilateral determination not to pay the Jennifer Barbour's claim. My subsequent communications with the Plaintiff merely were to obtain the payment promised.[10]

12. I reserve the right to assert any and all defenses which are supported by facts learned through discovery or at trial or hearing.

## DEFENDANT'S REQUEST FOR RELIEF

I request the following:

1. Deny Plaintiff's request for interpleader relief, deny Plaintiff's request for discharge, order the Plaintiff to distribute my mother's insurance proceeds in the "order

---

[10] The Defendant notes that Jennifer Barbour's claim for my mother's insurance proceeds, the insurance company's denial, and Jennifer Barbour's continued attempts to secure the proceeds after denial by the insurance company, were not known to me until late May 2007. I do not know whether other persons who signed affidavits did so with full knowledge of what was going on; I initially was not fully advised.

of precedence" to each of my mother's children (including interest), and decide my counterclaim;

2. In the alternative,[11] deny Plaintiffs request for discharge, offer immediate mediation[12] to attempt resolution of the proper distribution of my mother's life insurance proceeds and Defendant's counterclaim, and issue a scheduling order and set a trial date aimed at determining all matters if mediation fails;

3. Award costs, attorney fees and other monies as sanctions against the Plaintiff for providing misleading and incomplete information to the Court;

4. Do not grant payment by Jamilla Lankford of her alleged costs and expenses without a hearing or obtaining additional evidence. I reserve the right to dispute her entitlement to these costs and assert (among other things) that the costs and expenses were unilaterally (by her and Jennifer Barbour) incurred in blatant disregard of my stated and known interests and/or desires.

Respectfully submitted,

*Julie S. Lee* /ac

Julie Lee, Esquire[13]
Proceeding Pro Se
607 Bridle Lane
Birmingham, Alabama 35243
(205) 968-4025
Jlee179319@aol.com

---

[11] Assuming the Court concludes interpleader is appropriate.
[12] Given the large number of *pro se* defendants, and the limited amount of insurance proceeds, the Defendant asks for a streamlined process to ensure the insurance proceeds are not eaten up by attorney fees and litigation costs.
[13] The Defendant requests that she be allowed to attend any status or procedural hearings by telephone conference.

## DEFENDANT JULIE LEE'S COUNTERCLAIM
## AGAINST METROPOLITAN LIFE INSURANCE COMPANY

Pursuant to Rule 22 (a) of the Federal Rule of Civil Procedure, the Federal Rule of Civil Procedure governing counterclaims and in reliance on *Star Insurance Co. v Cedar Valley Express, LLC et. Al.*, 273 F. Supp. 2d 38 (D.C.D.C. 2002), I seek a finding of liability and compensatory and punitive damages against Metropolitan Life Insurance Company. In support of the my claim, I state the following:[14]

(1) On or about February 2007, the Plaintiff denied Jennifer Barbour's claim for 100 percent of the proceeds of my mother's life insurance policy; thereafter, Plaintiff engaged in a dispute with her and other of my siblings regarding its decision;

(2) Notably, in subsequent support of her claim, Jennifer Barbour relied on an affidavit submitted by one of Plaintiff's former or present employees and/or agents, Mary Lomax. Mary Lomax is both the Plaintiff's signing official and a witness on each of my mother's beneficiary designations.

(3) Plaintiff, through its employee and/or agent negligently and/or intentionally breached its contractual and fiduciary duty to Julia W. Barbour and me (one of her actual or natural beneficiaries), and violated the FEGLI statute to my detriment, by acting as a witness to Ms. Barbour's beneficiary designation and acting as an agent for a person with a direct financial interest in payment under the policy;

---

[14] For purposes of this counterclaim, I incorporate by reference the facts and argument contained in my defenses and affirmative defenses.

(4) In or about late June 2007, the Plaintiff invited me to file a claim for a share of my mother's insurance proceeds; Plaintiff assured me I would be paid in the "order of precedence" set out in the FEGLI statute; I filed a claim in or about July 2007;

(5) From that point until the instant complaint was filed, the Plaintiff (through employees and/or agents, Linda Rivera, Steve Delucie) knowingly, intentionally, willfully, maliciously and recklessly misled me into thinking they Defendant would pay me my share of the insurance proceeds

(6) On information and belief, the Plaintiff never intended to pay me my share of the insurance proceeds;

(7) On information and belief, the Plaintiff knowingly, intentionally, maliciously, recklessly and in bad faith lured me into a "false dispute" with my siblings by inviting me to file a claim it never intended to pay;

(8) The Plaintiff, who was engaged in a dispute with Jennifer Barbour, created this "false dispute" to extricate itself from liability for the negligent and/or intentionally wrongful actions of its employee and/or agent, Mary Lomax. Contrary to the FEGLI statute and the Plaintiff's contractual and fiduciary duties, Ms. Lomax acted as both an official and witness on my mother's beneficiary designation, and as an agent for Jennifer Barbour, a person with a fiduciary interest in my mother's insurance policy.

(9) While the full extent and motive of Ms. Lomax' conduct is unknown to me at this time, it was improper and/or illegal and potentially exposed the Plaintiff to direct

and increased liability if it made a determination on the claim. Seeking to avoid exposure and increased liability for its misconduct, the Plaintiff created a "false dispute" that it could shift to this Court for resolution.

(10) The foregoing actions by the Plaintiff (Ms. Lomax' actions and Plaintiff's actions in relation to my request for payment) were negligent and/or knowing, intentional, willful, wanton reckless, malicious and engaged in bad faith, and, among other things, constituted intentional infliction of emotional distress, material misrepresentation, fraud, and tortuous interference with and breach of contract, and breach of fiduciary duty.

(11) I suffered emotional distress, including anger, stress, confusion, sadness, embarrassment, humiliation, anxiety, isolation, despair alienation of affection and inconvenience as a result of Plaintiff's actions; I should be compensated. I also incurred costs, expenses and loss of valuable time, and suffered financial burden and hardship.

The Plaintiff should be punished monetarily because of its conduct and to deter such action in the future

For the foregoing reasons, I seek damages in the amount of $500,000.00 against the Defendant Metropolitan Life Insurance Company, and an award of reasonable costs and attorney fees.

Respectfully submitted,

*Julie S. Lee /es*

Julie Lee, Esquire[15]
Proceeding Pro Se
607 Bridle Lane
Birmingham, Alabama 35243
(205) 968-4025
Jlee179319@aol.com

---

[15] The Defendant requests that she be allowed to attend any status or procedural hearings by telephone conference.

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this date, November 26, 2007, the foregoing *Answer Of Julie S. Lee To Complaint In Interpleader* and *Defendant Julie S. Lee's Counterclaim Against Metropolitan Life Insurance Company* were filed, via hand delivery, with the U.S. District Court for the District of Columbia in the above-captioned case.

I further certify that a copy of both documents was served, via first class mail, on the following:

Marsha S. Culler
11519 Sequoia Lane
Beltsville, MD 20705

Adam AD Barbour
901 6th Street, SW, #606
Washington, DC 20024

Jerome C. Rhines
11048 Anietem Drive
Alta Loma, CA 91737

Veronica Vera
5203 Woodlawn Place
Bellaire, TX 77401

Barry McCoy Tapp
TAPP & ASSOCIATES
14662 Cambridge Circle
Laurel, MD 20707-3733
*Attorney for Defendant Jordan Funeral*

Jacinto A. Rhines
1764 W. 24th Street
Los Angeles, CA 90018

Jennifer Barbour
901 6th Street, SW, #606
Washington, DC 20024

Julie S. Lee
607 Bridle Lane
Birmingham, AL 35243

Julian P. Steptoe
3010 Wilshire Boulevard, #299
Los Angeles, CA 90010

Jesse A. Rhines
2122 Pico Boulevard, #D
Los Angeles, CA 20024

Carolyn C. Steptoe
1257 Lawrence Street, NE
Washington, DC 20017

Ronda B. Esaw, Esq.
McGuire Woods LLP
1750 Tysons Boulevard, Suite 1800
McLean, VA 22102
*Attorney for Plaintiff MetLife*

John P. Rhines
5233 N. Capitol Street, #312
Washington, DC 20011

Jamilla R. Lankford
5203 Woodlawn Place
Bellaire, TX 77401

_____
Julie S. Lee, *Pro Se*