UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY )<br>One Metlife Plaza )<br>27-01 Queens Plaza North )<br>Long Island, NY 11101 )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>JENNIFER BARBOUR, et al, )<br>)<br>Defendants. ) | Case 1:07-cv-01665<br>Assigned To: Kollar-Kotelly, Colleen<br>Assign. Date: 9/20/2007<br>Description: Contract<br><br>**RECEIVED**<br>NOV 2 6 2007<br>NANCY MAYER WHITTINGTON, CLERK<br>U.S. DISTRICT COURT |

ANSWER (OF JOHN P. RHINES) TO COMPLAINT

Defendant John P. Rhines hereby answers each item of Plaintiff's Complaint in Interpleader as follows::

1. Agree.

2. No knowledge re Plaintiff's assertions.

3. No knowledge re Plaintiff's assertions.

4. No knowledge re Plaintiff's assertions.

5. No knowledge re Plaintiff's assertions.

6. No knowledge re Plaintiff's assertions.

7. No knowledge re Plaintiff's assertions.

8. No knowledge re Plaintiff's assertions.

1

9. No knowledge re Plaintiff's assertions.

10-22. Agree.

23. Agree in part.

24. No knowledge re Plaintiff's assertions.

25 No knowledge re Plaintiff's assertions.

26 No knowledge re Plaintiff's assertions.

27. No knowledge re Plaintiff's assertions.

28. No knowledge re Plaintiff's assertions.

29. Agree that Decedent was not survived by a spouse. No knowledge of Plaintiff's assertions re "order of preference."

30. Agree only to submitting my affidavit in support of Jennifer Barbour. No firsthand knowledge of Plaintiff's assertions regarding other parties or their actions.

31. No knowledge re Plaintiff's assertions.

32. Agree only to OFEGLI letter being sent to me. No knowledge re Plaintiff's assertions regarding other parties herein.

33. No knowledge re Plaintiff's assertions.

34. Agree.

35. Agree.

36. Agree.

37. No knowledge re Plaintiff's assertions.

38. No knowledge re Plaintiff's assertions.

39. No knowledge re Plaintiff's assertions.

40. No knowledge re Plaintiff's assertions.

41. No knowledge re Plaintiff's assertions.

42. No knowledge re Plaintiff's assertions.

43. No knowledge re Plaintiff's assertions.

I made an affidavit (Plaintiff's Exhibit G) in support of my sister's, Jennifer Barbour's claim. After denying my sister's, Jennifer Barbour's claim, MetLife invited me to first file a claim and at the same time assign my "share" to Jennifer Barbour by completing their circuitous 'waiver' form. This shocked me because my mother told me she left Jennifer the full amount of the policy, As far I was concerned, no such " share" should exist and, in accordance with the wishes of my mother as she expressed them to me, I did not file a claim.

Now we have been subjected to unnecessary hardship and grief.

Since OPM had already certified to MetLife that Jennifer was the sole beneficiary, despite the word "Trustee," it seems this should have removed any question at Metlife. Instead, they made their own decision and then invited claims from me and my siblings, promising to pay us a share if they received at least 7 claims. Is it customary for a subcontractor of the Federal Government to override Federal agency Certifications in such fashion? Do MetLife decisions hold sway over the Federal Government of the United States?

Metlife's Interpleader offhandedly refers to Mrs. Mary Lomax as a "co-worker" (p.8, para. 30) rather than the Human Resources Specialist whose official duty was to handle and certify insurance forms for employees (for more than 30 years) in her Federal office, a disingenuous slight that seems designed to diminish the authority and relevance of Mrs. Lomax's

3

affidavit supporting Jennifer's legitimate claim.

I ask you, respectfully, therefore, to make a finding that will establish Jennifer Barbour as the sole beneficiary, as I know my mother fully intended and finally decided to do. I ask the Court to note also that my testimony guarantees me no assignment of money, evidence that my intentions are to serve the truth and honor my mother's final wishes.

Thank you for your consideration. I reserve all my rights in this matter.

                                          Respectfully submitted,

                                          *John P. Rhines*

                                          John P. Rhines, Defendant Pro Se
                                          5233 N. Capitol St., N.E., #312
                                          Washington, D.C. 20011
                                          (202) 882-5037
                                          Case 1:07-cv-01665

Dated: November 21, 2007

## CERTIFICATE OF SERVICE

I, JOHN P. RHINES, certify that:

On the 21st day of November, 2007, I caused to be deposited in the United States Mail a copy of the attached ANSWER OF JOHN P. RHINES in the above-captioned case, postage prepaid, first class mail, addressed as follows to Plaintiff counsel.

>Ronda B. Esaw
>McGuire Woods
>1750 Tysons Boulevard, Suite 1800
>McLean, VA 22102-4215

*John P. Rhines*
John P. Rhines, Defendant Pro Se
5233 N. Capitol St., N.E., #312
Washington, DC 2002
(202) 882-5037