UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **METROPOLITAN LIFE INSURANCE COMPANY,**<br><br>     Plaintiff<br><br>v.<br><br>**JENNIFER G. BARBOUR<br>JULIAN P. STEPTOE<br>JAMILLA R. LANKFORD<br>ADAM A.D. BARBOUR,<br>JACINTO RHINES,<br>JOHN P. RHINES,<br>JESSE A. RHINES,<br>JEROME C. RHINES,<br>CAROLYN C. STEPTOE,<br>JULIE S. LEE,<br>MARSHA S. CULLER,<br>VERONICA VERA, AND<br>JORDAN FUNERAL SERVICE, INC.**<br><br>     **Defendants.** | Case No. 1:07-cv-01665<br>Assigned To : Kollar-Kotelly, Colleen<br>Assign Date : 9/20/2007<br>Description : Contract<br><br>RECEIVED<br>DEC - 4 2007<br>NANCY MAYER WHITTINGTON, CLERK<br>U.S. DISTRICT COURT |

## DEFENDANT JAMILLA LANKFORD'S MOTION FOR SUMMARY JUDGMENT IN FAVOR OF DEFENDANT JENNIFER G. BARBOUR

I, JAMILLA LANKFORD, hereby move this Court for the entry of summary judgment in favor of Jennifer G. Barbour's Answer to the Motion. Under Rule 56(c), summary judgment is proper if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

SUMMARY OF UNDISPUTED FACTS

1. Julia W. Barbour ("Decedent") was a participant in the Federal Employees' Group Life Insurance Program ("the Program") at the time of her death on December 2, 2006. Pursuant

to the Program, the decedent's beneficiary or beneficiaries are entitled to payment of benefits in the amount of $134,000 for basic life insurance coverage ("the Program Benefits").

2. On her September 2, 1998 beneficiary designation form, Decedent wrote only one name Jennifer G. Barbour, and under that name inserted the title Trustee, indicating 100% in the column: "Percent or fraction to be paid to each beneficiary."

3. At no time did Decedent establish a trust.

4. On that same form is a box that the Decedent had the option to check if she wanted her benefits be divided among multiple beneficiaries. Decedent clearly had an understanding of the significance of that box, as evidenced by her April 1998 form in which she not only marked the box to show her intention to divide benefits at that time, but added numbered pages in order to give the name of each beneficiary and the percentage to be paid to us.

5. Decedent submitted her beneficiary designation form to Mary H. Lomax, Personnel Management Specialist assigned by the Office of the Solicitor in the Department of Labor to accept and certify such forms.

6. Decedent inquired on at least three occasions if the beneficiary designation form would accomplish her intention that Jennifer G. Barbour obtain 100% of the Program Benefits.

7. Mary H. Lomax presented Decedent's beneficiary designation form to the U. S. Office of Personnel Management (OPM) for advice and later advised Decedent on at least three occasions that the form would accomplish her intent.

8. Notwithstanding the above, USC 5 8705 (a) simply requires:

"Except as provided in subsection (e), the amount of group life insurance and group accidental death insurance in force on an employee at the date of his death shall be paid, on the establishment of a valid claim, to the person or persons surviving at the date of his death, in the following order of precedence:
    First, to the beneficiary or beneficiaries designated by the employee in a signed and witnessed writing received before death in the employing office..."

9. Since OPM was in possession of a signed and witnessed writing as required by USC 5 8705 (a), it sent Jennifer G. Barbour and no one else instructions on how to apply for Decedent's death benefits, as attested in Jennifer G. Barbour's Answer to the Complaint.

10. Mary H. Lomax, the Human Resource Specialist who accepted and certified Decedent's FEGLI beneficiary designation form, asserts in her affidavit in Exhibit G to Plaintiff's complaint, "Mrs. Barbour was very firm and I understood her wishes clearly. She wanted her daughter, Jennifer, and only Jennifer, as the beneficiary from our first discussion in 1998 until our last in late 2005 or early 2006."

ARGUMENTS

11. The Courts, when presented with information from government Human Resource employees empowered to certify FEGLI forms, have always given due weight and consideration to such information in determining the wishes of the insured.

12. Metropolitan Life Insurance Company admits in *Fernbaugh v. Metro. Life Ins. Co., United States District Court for the Middle District of Pennsylvania, No. 1:CV-06-1361, Answer with Affirmative Defenses, Fourth Affirmative Defense,* that its role is to make "payment of proceeds under the FEGLI Policy in accordance with written certifications of insurance status that it receives from the agencies or offices of the federal government regarding each deceased employee covered under the FEGLI program..." However, Jennifer G. Barbour's claim was not denied by OPM, but by OFEGLI, which is not a government entity, but a subdivision of Metropolitan Life Insurance Company located within its premises.

13. Having usurped OPM's statutory responsibility to determine the validity of a Federal employee's beneficiary designation form and rejected OPM's designation of Jennifer as sole beneficiary, Metropolitan Life Insurance Company (OFEGLI) asserts in item 28 of its Complaint in Interpleader, "On February 20, 2007, OFEGLI sent Jennifer G. Barbour a letter explaining that under the FEGLI program, a person named as a trustee on a designation form

when no trust has been created cannot be paid the FEGLI proceeds and that the insurance benefits would be paid according to the Order of Payment. See 5 USC 8705.

14. Not only do the words "trust" and "trustee" appear nowhere in the entire text of 5 USC 8705, but the Courts have found that the "signed and witnessed" writing this statue requires need not be perfect in order to be valid. On the contrary, even in the presence of "three errors in their mother's designation-of-beneficiary," the Sixth Circuit Appellate Court found in *Terry v LaGrois*, 354 F.2d 527 (6th Cir. 2004) that the insured's beneficiary designation was valid and that "FEGLIA's default provisions" did not apply, affirming that the law governs the beneficiary designation form, not the reverse. See Hightower v Kirksey, 157 F.3d 528 (7th Cir. 1998). In citing Manning, the Plaintiff misinforms the Court as to the real meaning of the 2nd Circuit's reference to the "inflexible rule that a beneficiary must be named strictly in accordance with the statute irrespective of the equities of a particular case." The Manning Court was only referring to Congress's requirement that the form be signed, witnessed and turned in before the death. That is all. In citing Manning, Plaintiff proves the basis for my motion to honor the valid September 2, 1998 beneficiary designation form of the Decedent. This form meets all the requirements dictated by Congress, the Hightower Court and the Manning Court. The Courts made ample discussion that the intent of Congress in amending FEGLIA in 1966 was simply to specifically require that beneficiary designations be witnessed, signed and turned in before the death, as a direct response to *Sears v. Austin, 292 F.2d 690 (9th Cir. 1961)* in which the insured made a beneficiary designation of his "federal government insurance" in an unwitnessed will, not turned in to his employing office before his death. The name of a beneficiary is on my mother's form, the percent (100%) is on my mother's form, and of further note is the glaringly unchecked box about dividing the Program Benefits. Neither Congress, nor any case law, mandates that the form be perfect or that the beneficiary be given or not be given a title of any kind.

For the foregoing reasons, Defendant respectfully asks the court to grant this Motion for Summary Judgment.

This 3rd day of December, 2007.

Respectfully submitted,

*/s/ Jamilla R Lankford*

Jamilla R Lankford
*Pro se*
5203 Woodlawn Place
Bellaire, TX 77401
Telephone: (713) 668 9936
jrlankford@earthlink.net

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY, | ) ) ) | |
| Plaintiff | ) ) | Case No. 1:07-cv-01665 |
| V. | ) ) ) | Assigned To : Kollar-Kotelly, Colleen<br>Assign Date : 9/20/2007<br>Description : Contract |
| JENNIFER G. BARBOUR<br>JULIAN P. STEPTOE<br>JAMILLA R. LANKFORD<br>ADAM A.D. BARBOUR,<br>JACINTO RHINES,<br>JOHN P. RHINES,<br>JESSE A. RHINES,<br>JEROME C. RHINES,<br>CAROLYN C. STEPTOE,<br>JULIE S. LEE,<br>MARSHA S. CULLER,<br>VERONICA VERA, AND<br>JORDAN FUNERAL SERVICE, INC. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## JAMILLA R. LANKFORD TABLE OF AUTHORITIES

1. 5 USC 8705 *et seq.*

2. Terry v LaGrois 354 F.2d 527 (6th Cir. 2004)

3. Hightower v Kirksey 157 F.3d 528 (7th Cir.1998)

4. Sears v Austin 292 F.2d 690 (9th Cir. 1961)

5. Metropolitan Life v Manning 568 F.2d 922 (2d Cir. 1977)

_____
Honorable Judge C. Kollar-Kotelly

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **METROPOLITAN LIFE INSURANCE COMPANY,**<br><br>Plaintiff<br><br>v.<br><br>**JENNIFER G. BARBOUR**<br>**JULIAN P. STEPTOE**<br>**JAMILLA R. LANKFORD**<br>**ADAM A.D. BARBOUR,**<br>**JACINTO RHINES,**<br>**JOHN P. RHINES,**<br>**JESSE A. RHINES,**<br>**JEROME C. RHINES,**<br>**CAROLYN C. STEPTOE,**<br>**JULIE S. LEE,**<br>**MARSHA S. CULLER,**<br>**VERONICA VERA, AND**<br>**JORDAN FUNERAL SERVICE, INC.**<br><br>Defendants. | Case No. 1:07-cv-01665<br>Assigned To : Kollar-Kotelly, Colleen<br>Assign Date : 9/20/2007<br>Description : Contract |

## ORDER GRANTING
## DEFENDANT JAMILLA LANKFORD'S MOTION FOR SUMMARY JUDGMENT IN FAVOR OF DEFENDANT JENNIFER G. BARBOUR

1. This court grants Defendant Jamilla Lankford's Motion for Summary Judgment.

2. This court grants Defendant's request for compensatory and punitive damages against Plaintiff.

3. This Court grants additional sanctions of $ _____.

Granted this ____ day of _____, 2007.

_____
Honorable Judge C. Kollar-Kotelly