UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **METROPOLITAN LIFE** )<br>**INSURANCE COMPANY,** )<br>  ) <br>     Plaintiff,  )<br>  )<br>v.  )<br>  )<br>**JENNIFER G. BARBOUR, <u>et al.</u>** )<br>  )<br>     Defendants.  )<br>_____) | Case No. 1: 07-cv-01665-CCK |

**PLAINTIFF'S MOTION TO DISMISS
THE COUNTERCLAIM OF CAROLYN C. STEPTOE**

Plaintiff Metropolitan Life Insurance Company ("MetLife") by counsel and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, respectfully submits this Memorandum of Points and Authorities in Support of its Motion to Dismiss the Counterclaim ("Counterclaim") filed by Interpleader Defendant Carolyn C. Steptoe ("Defendant"). MetLife respectfully requests that all four of Defendant's causes of action be dismissed at this time[1]. In support thereof, Plaintiff submits the attached Memorandum in Support.

Respectfully Submitted,

METROPOLITAN LIFE INSURANCE COMPANY

By Counsel,

---

[1] For purposes of this Motion, MetLife has separated Defendant's claims contained in paragraph 11 of the Counterclaim into four separate , numbered claims; Claim I, Intentional Infliction of Emotional Distress; Claim II, Fraudulent Misrepresentation; Claim III, Tortuous Interference with and Breach of Contract; and Claim IV, Breach of Fiduciary Duty.

        <u>  /s/ Ronda B. Esaw      </u>
        Ronda Brown Esaw, Esq. (D.C. Bar No. 494516)
        McGUIREWOODS LLP
        1750 Tysons Boulevard, Suite 1800
        McLean, Virginia  22102-4215
        Telephone:  (703) 712-5392
        Facsimile:  (703) 712-5251
        resaw@mcguirewoods.com
        Attorney for Plaintiff, Metropolitan Life
        Insurance Company

# CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of December, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing (NEF) to the following:

Johnny M. Howard
1001 Connecticut Avenue, NW
Suite 402
Washington, D.C. 20036
*Attorney for Defendant Jennifer G. Barbour*

Barry M. Tapp
14662 Cambridge Circle
Laurel, Maryland 20707
*Attorney for Jordan Funeral Service, Inc.*

And I hereby certify that I will mail the document by U.S. mail to the following non-filer user(s):

| | | |
|---|---|---|
| Julian P. Steptoe<br>3010 Wilshire Boulevard, #299<br>Los Angeles, CA 90010 | Jamilla R. Lankford<br>5203 Woodlawn Place<br>Bellaire, TX 77401 | Adam A.D. Barbour<br>901 6th Street, S.W., #606<br>Washington, D.C. 20024 |
| Jacinto A. Rhines<br>1764 W. 24th Street<br>Los Angeles, CA 90018 | John P. Rhines<br>5233 N. Capital Street, N.E., #312<br>Washington, D.C. 20011 | Jesse A. Rhines<br>Apartment M107<br>810 S. Flower Street<br>Los Angeles, CA 90017 |
| Jerome C. Rhines<br>11048 Antietem Drive<br>Alta Loma, CA 91737 | Carolyn C. Steptoe<br>1257 Lawrence Street, N.E.<br>Washington, D.C. 20017 | Julie S. Lee<br>607 Bridle Lane<br>Birmingham, AL 35243 |
| Marsha S. Culler<br>11519 Sequoia Lane<br>Beltsville, MD 20705 | Veronica Vera<br>8581 Santa Monica Blvd., #209<br>West Hollywood, CA 90069 | |

/s/ Ronda B. Esaw

\4949048.1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **METROPOLITAN LIFE** )<br>**INSURANCE COMPANY,** )<br>   ) <br>   Plaintiff,   )<br>   )<br>v.   )<br>   )<br>**JENNIFER G. BARBOUR, <u>et al.</u>** )<br>   )<br>   Defendants.   )<br>_____) | Case No. 1: 07-cv-01665-CCK |

### PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

Plaintiff Metropolitan Life Insurance Company ("MetLife") by counsel and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, respectfully submits this Memorandum of Points and Authorities in Support of its Motion to Dismiss the Counterclaim ("Counterclaim") filed by Interpleader Defendant Carolyn C. Steptoe ("Defendant"). MetLife respectfully requests that all four of Defendant's causes of action be dismissed at this time[1].

### I.   INTRODUCTION

Defendant's *pro se* Counterclaim appears to be comprised of four different causes of action. Defendant alleges; i) intentional infliction of emotional distress, ii) fraudulent misrepresentation, iii) tortuous interference with and breach of contract, and iv) breach of fiduciary duty. See Counterclaim ¶ 11.

---

[1] For purposes of this Motion, MetLife has separated Defendant's claims contained in paragraph 11 of the Counterclaim into four separate , numbered claims; Claim I, Intentional Infliction of Emotional Distress; Claim II, Fraudulent Misrepresentation; Claim III, Tortuous Interference with and Breach of Contract; and Claim IV, Breach of Fiduciary Duty.

As will be explained in greater detail below, Claims I-IV are all subject to dismissal with prejudice. First and most importantly, each of these claims is barred by 5 U.S.C. § 8709(d)(1), which gives the provisions of the Federal Employees' Group Life Insurance Policy ("FEGLI"), the force and effect of federal law and preempts and supersedes state law claims pertaining to benefits under the chapter. Specifically, Claims I-IV are preempted because FEGLI limits a claimant's remedy, in any action at law or equity, to the amount of the benefit claimed under the policy. Moreover, even if Defendant's claims were not preempted by federal statute and limited by the terms of the FEGLI policy - which they are - Claims I-IV are all otherwise subject to dismissal for failure to state a claim upon which relief can be granted. Defendant's Intentional Infliction of Emotional Distress Claim fails to allege outrageous conduct or severe distress. Defendant's Fraudulent Misrepresentation Claim fails to allege an intentional misrepresentation as to a present fact, knowledge of its falsity and resulting damage. Defendant's Tortuous Interference with and Breach of Contract Claim fails to allege the existence of a contract between the Defendant and MetLife. Defendant's Breach of Fiduciary Duty Claim fails to allege the existence of a fiduciary relationship between the Defendant and MetLife. Accordingly, each of these claims fails to state a claim upon which relief can be granted. For these reasons, Plaintiff respectfully requests that this Court dismiss Claims I-IV pursuant to Rule 12(b)(6).

## II.   RELEVANT FACTS AND PROCEDURAL HISTORY[2]

Defendant's Counterclaim arises out of Plaintiff's Complaint in Interpleader, filed with this Court on September 20, 2007, in response to various claims for life insurance

---

[2] MetLife assumes the facts alleged in Defendant's Counterclaim to be true for purposes of this Motion only.

proceeds arising from the death of Julia W. Barbour ("Decedent"), a retiree of the United States Department of Labor, Office of Administrative Management and Litigation. See generally Complaint in Interpleader. Decedent passed away on December 2, 2006. See id.

In February 2007, MetLife denied Jennifer G. Barbour's claim to the FEGLI proceeds in their entirety. See Counterclaim ¶ 1. On March 5, 2007, in support of her claim to the FEGLI proceeds, Jennifer G. Barbour, provided an affidavit from Mary Lomax who was listed as a witness on the beneficiary form of the deceased and whose relationship with MetLife is uncertain. See id. ¶ 2

In June 2007, MetLife invited Defendant to file a claim for a share of the FEGLI proceeds and informed Defendant that she would be paid in the "order of precedence" according to 5 U.S.C. § 8705(a). See id. ¶ 4. In July 2007, Defendant filed a claim for the FEGLI proceeds. See id. Defendant has not received payment on her claim for a portion of the FEGLI proceeds.

On September 20, 2007 MetLife filed a Complaint in Interpleader with an accompanying Motion for Interpleader Relief against defendants Jennifer Barbour, Julian Steptoe, Jamilla Lankford, Adam Barbour, Jacinto Rhines, John Rhines, Jesse Rhines, Jerome Rhines, Carolyn Steptoe, Julie Lee, Marsha Culler, Veronica Vera and Jordan Funeral Service, Inc. See generally Complaint in Interpleader.

On November 26, 2007, Defendant Steptoe filed an answer to the Complaint in Interpleader and filed the instant Counterclaim against MetLife.

### III. ARGUMENT

#### A. STANDARD OF REVIEW

A rule 12(b)(6) motion should be granted and claims should be dismissed where the plaintiff does not provide enough facts to state a claim of relief that is plausible on its face. See Vance v. Chao, 496 F. Supp. 2d. 182, 184 (D.D.C. 2007). In considering a motion to dismiss, the Court should accept as true the allegations in the opponent's pleadings and accord the benefit of all reasonable inferences to the non-moving party. See Sindram v. Merriwether, 506 F. Supp. 2d 7, 10 (D.D.C. 2007). Though a plaintiff is not required to plead facts sufficient to prove the plaintiff's case, "a plaintiff must make sufficiently detailed factual allegations in his complaint to raise a right to relief above the speculative level." Id. Moreover, the Court need not accept inferences that are unsupported by the facts set forth in the complaint or legal conclusions couched as factual allegations. See id.

### B. CLAIMS I-IV SHOULD BE DISMISSED WITH PREJUDICE BECAUSE THEY ARE PREEMPTED BY 5 U.S.C. § 8709(d)(1).

The FEGLI policy is governed by the Federal Employees' Group Life Insurance Act ("FEGLIA"), 5 U.S.C. §§ 8701-8716, the regulations at 5 C.F.R. Part 870 and the terms of the FEGLI policy itself. As the exclusive source of regulation for FEGLI benefits, FEGLIA provides for preemption of state law at 5 U.S.C. § 8709(d)(1) and states in relevant part:

> The provisions of any contract under this chapter which relate to the <u>nature or extent of coverage or benefits</u> (including payments with respect to benefits) shall <u>supersede and preempt any law of any State</u> or political subdivision thereof, or any regulation issued thereunder, which relates to group life insurance to the extent that the law or regulation is inconsistent with the contractual provisions.

5 U.S.C. § 8709(d)(1) (Emphasis added).

4

In enacting this preemption legislation, Congress explicitly declared that the FEGLI Policy terms themselves preempt state law. See, e.g., Metropolitan Life Ins. Co. v. Sullivan, 96 F.3d 18, 20 (2ndCir. 1996) (noting that the FEGLI policy explicitly preempted a New York state law); Matthews v. Matthews, 926 F. Supp. 650, 652 (N.D. Ohio 1996) (holding that "FEGLI policies preempt state law."). Consequently, the very terms of the FEGLI Policy have the same effect as federal law. Furthermore, the ordinary meaning of the term "relates to" is broad. See Metropolitan Life Ins. Co. v. Christ, 979 F.2d 575, 579 (7thCir. 1992). "[A] state law may 'relate to' a benefit plan, and thereby be preempted, even if the law is not specifically designed to affect such plans, or the effect is only indirect.'" Morales v. Trans World Airlines, Inc., 504 U.S. 374, 386 (1992) (quoting Ingersoll-Rand Co. v. McClendon, 498 U.S. 133, 139 (1990)).

The core of Defendant's Claims I-IV, are clearly premised upon the fact that Defendant has not yet received payment of benefits under the FEGLI Policy. Accordingly, the remedy provided by the FEGLI policy preempts Defendant's state law claims pursuant to 5 U.S.C. § 8709(d)(1). Amendment 70 to the FEGLI Policy, adding § 25, broadly addresses all claims for damages brought by beneficiaries or claimants and applies to any action in law or equity. See Complaint in Interpleader, Exhibit A.

Amendment 70 provides in relevant part:

EXTRA-CONTRACT DAMAGES - In any action at law or in equity, the Beneficiary of record or claimant, as specified in Section 11 hereof, <u>shall be limited in the amount of recovery to the benefit claimed, plus reasonable attorney's fees as set by the court</u>. The term "benefit claimed" is limited to:

    1.    the amount of Life Insurance . . . in force hereunder on account of the Employee . . . at the date of the Employee's death; and

    2.    interest as specified in subsection C of section 4 hereof; and

>> 3. post-judgment interest at the statutory rate allowed on judgments in the applicable state.

Id.

As a claimant to the FEGLI Proceeds, Defendant is limited in her recovery to "the benefit claimed," certain payments of interest and "reasonable attorney's fees as set by the court." Accordingly, Defendant's Claims I-IV are absolutely barred by the express language above, which has the force and effect of federal law pursuant to 5 U.S.C. § 8709(d)(1). Accordingly, Claims I-IV are preempted and should be dismissed with prejudice pursuant to Rule 12(b)(6).

### C. COUNTS I-IV SHOULD ALSO BE DISMISSED BECAUSE THEY FAIL TO ALLEGE FACTS SUFFICIENT TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED.

#### 1. Claim I Should Also Be Dismissed Because Defendant Has Not Alleged Sufficient Facts to Establish A Claim for Intentional Infliction of Emotional Distress.

In addition to the obvious bar imposed by 5 U.S.C. § 8709(d)(1), Defendant's Intentional Infliction of Emotional Distress Claim fails because Defendant fails to allege facts sufficient to establish extreme and outrageous conduct or severe distress. To establish a claim for intentional infliction of emotional distress, a claimant must prove: 1) extreme and outrageous conduct that; 2) intentionally or recklessly caused; 3) severe emotional distress to another. See Jung v. Jung, 791 A.2d 46, 50 (D.C. 2002). "Conduct does not rise to the level of being either extreme or outrageous if it consists of "mere insults, indignities, threats, annoyances, pretty oppressions, or other trivialities." Id. (emphasis added). Instead, liability attaches only when conduct "goes beyond all possible bounds of decency and is regarded as atrocious and utterly intolerable in a civilized community." Id.

In the instant case, Defendant fails to assert that MetLife engaged in extreme and outrageous conduct. See generally Counterclaim. Rather, Defendant claims only that she suffered, "emotional distress, including anger, stress, confusion . . . and inconvenience as a result of Plaintiff's actions." See Counterclaim ¶ 11. Although it is unclear what "actions" Defendant is referring to, no fact alleged in Defendant's Counterclaim rises to the exacting standard announced by this Court. If anything, Defendant's allegations reflect the very "annoyances and trivialities" that this Court has deemed insufficient. See Jung, 791 A.2d at 50.

In sum, Defendant has failed to plead facts sufficient to establish any of the elements of her emotional distress claim, and Claim I should therefore be dismissed with prejudice pursuant to Rule 12(b)(6).

    **2. Claim II Should Also Be Dismissed Because Defendant Has Not Alleged Sufficient Facts to Establish a Claim of Fraudulent Misrepresentation.**

In addition to the obvious bar imposed by 5 U.S.C. § 8709(d)(1), Defendant's Fraudulent Misrepresentation Claim fails because Defendant fails to allege any material statement of present fact, Plaintiff's knowledge of its falsity, and reliance that resulted in provable damages. In order to prove fraudulent misrepresentation, a claimant must prove: 1) a false representation; 2) in reference to a material fact; 3) made with knowledge of its falsity; 4) with the intent to deceive; and 5) action taken by the claimant in reliance upon the representation; 6) which consequently resulted in provable damages. See Railan v. Katyal, 766 A.2d. 998, 1009 (D.C. 2001).

In the instant case, Defendant alleges that "Plaintiff invited me to file a claim for a share of my mother's insurance proceeds…and assured me I would be paid in the order

7

of precedence. See Counterclaim ¶¶ 4-6. This alleged misrepresentation fails to meet the standard for fraudulent misrepresentation for three reasons. First, the statement does not relate to a present or past fact, but rather is a statement as to future events, which is not actionable as fraud. See Shear v. National Rifle Association of America, 606 F.2d 1251, 1259 (D.D.C. 1978) (holding a cause of action for fraud will not lie for misrepresentations as to future promises or facts). Second, Defendant has not alleged that anyone knew the representation to be false when it was made. See generally Counterclaim. Third, Defendant has not alleged any resulting damage from her reliance on the alleged misrepresentation. See id. In sum, Defendant has failed to allege facts to support the first, third, and sixth elements of her fraudulent misrepresentation claim and Claim II should therefore be dismissed with prejudice pursuant to Rule 12(b)(6).

### 3. Claim III Should Also Be Dismissed Because Defendant Fails to Allege Facts Sufficient to State a Cause of Action for Tortuous Interference With And Breach of Contract.

In addition to the obvious preemption of her claim imposed by 5 U.S.C. § 8709(d)(1), Defendant's Tortuous Interference with and Breach of Contract Claim fails because Defendant fails to allege the existence of a contract between her and MetLife. To establish a claim for tortuous interference with and breach of contract a claimant must prove: 1) existence of a contract; 2) knowledge of a contract; 3) intentional procurement of its breach by the defendant; and 4) damages resulting from the breach. See Sturdza v. United Arab Emirates, 281 F.3d 1287, 1305 (D.C. Cir. 2002) (citing Sorrells v. Garfinckel's, Brooks Bros., Miller & Rhoads, Inc., 565 A.2d 285, 289 (D.C. 1989)).

In the instant case, Defendant fails to allege even the existence of a contract, let alone knowledge, intentional procurement of its breach, and damages. See generally

Counterclaim. Accordingly, Defendant fails to allege facts that would support *any* element of her tortuous interference with and breach of contract claim and therefore, Claim III should be dismissed with prejudice pursuant to Rule 12(b)(6).

### 4. Count IV Should Also Be Dismissed Because Defendant Fails to Allege Facts Sufficient to State a Cause of Action for Breach of Fiduciary Duty.

In addition to the obvious bar imposed by 5 U.S.C. § 8709(d)(1), Defendant's Breach of Fiduciary Duty Claim fails because Defendant does not allege facts sufficient to establish that she was in a fiduciary relationship with MetLife. See generally Counterclaim. A fiduciary relationship results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control." C&E Services, Inc. v. Ashland, 498 F. Supp. 2d. 242, 264 (D.D.C. 2007) (citing Lott v. Burning Tree Club, 516 F. Supp. 913, 917 (D.D.C. 1980)).

In the instant case, Defendant fails to allege that she and MetLife were engaged in a fiduciary relationship at all. See generally Counterclaim. Rather, Defendant states only that "Plaintiff…breached its…fiduciary duty to Julia W. Barbour and me (one of her actual or natural beneficiaries). . . ." See id. at ¶ 3. Defendant's allegation of fact is little more than a legal conclusion couched as a factual allegation, which this Court need not accept in considering a motion to dismiss. See Sindram, 506 F. Supp. 2d at 10. In sum, Defendant has failed to allege facts sufficient to support her breach of fiduciary duty claim and Claim IV should therefore be dismissed with prejudice pursuant to Rule 12(b)(6).

**IV.    CONCLUSION**

For the foregoing reasons, MetLife respectfully requests that this Court dismiss Defendant's Counterclaims against MetLife with prejudice.

Respectfully submitted this 18th day of December, 2007.

                                /s/ Ronda B. Esaw
Ronda Brown Esaw, Esq. (D.C. Bar No. 494516)
McGUIREWOODS LLP
1750 Tysons Boulevard, Suite 1800
McLean, Virginia 22102-4215
Telephone: (703) 712-5392
Facsimile: (703) 712-5251
resaw@mcguirewoods.com
Attorney for Plaintiff, Metropolitan Life Insurance Company

# CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of December, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing (NEF) to the following:

Johnny M. Howard
1001 Connecticut Avenue, NW
Suite 402
Washington, D.C. 20036
*Attorney for Defendant Jennifer G. Barbour*

Barry M. Tapp
14662 Cambridge Circle
Laurel, Maryland 20707
*Attorney for Jordan Funeral Service, Inc.*

And I hereby certify that I will mail the document by U.S. mail to the following non-filer user(s):

| | | |
|---|---|---|
| Julian P. Steptoe<br>3010 Wilshire Boulevard, #299<br>Los Angeles, CA 90010 | Jamilla R. Lankford<br>5203 Woodlawn Place<br>Bellaire, TX 77401 | Adam A.D. Barbour<br>901 6th Street, S.W., #606<br>Washington, D.C. 20024 |
| Jacinto A. Rhines<br>1764 W. 24th Street<br>Los Angeles, CA 90018 | John P. Rhines<br>5233 N. Capital Street, N.E., #312<br>Washington, D.C. 20011 | Jesse A. Rhines<br>Apartment M107<br>810 S. Flower Street<br>Los Angeles, CA 90017 |
| Jerome C. Rhines<br>11048 Antietem Drive<br>Alta Loma, CA 91737 | Carolyn C. Steptoe<br>1257 Lawrence Street, N.E.<br>Washington, D.C. 20017 | Julie S. Lee<br>607 Bridle Lane<br>Birmingham, AL 35243 |
| Marsha S. Culler<br>11519 Sequoia Lane<br>Beltsville, MD 20705 | Veronica Vera<br>8581 Santa Monica Blvd., #209<br>West Hollywood, CA 90069 | |

/s/ Ronda B. Esaw

\4947383.1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **METROPOLITAN LIFE INSURANCE COMPANY,** )<br>)<br>    **Plaintiff,** )<br>)<br>v. )<br>)<br>**JENNIFER G. BARBOUR, et al.** )<br>)<br>    **Defendants.** )<br>_____) | Case No. 1: 07-cv-01665-CCK |

### ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS THE COUNTERCLAIM OF INTERPLEADER DEFENDANT CAROLYN C. STEPTOE

This matter is before the Court on Plaintiff's Motion to Dismiss the Counterclaim of Interpleader Defendant Carolyn C. Steptoe pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Upon consideration of the Motion, any opposition filed thereto and the pleadings herein, it is hereby

ORDERED that Plaintiff's Motion to Dismiss the Counterclaim of Interpleader Defendant Carolyn C. Steptoe be, and the same hereby is, granted in its entirety, it is further

ORDERED that Interpleader Defendant Carolyn C. Steptoe's Counterclaim be, and the same hereby is, dismissed with prejudice.

Signed this _____ day of _____, 20____.

_____
COLLEEN KOLLAR-KOTELLY
United States District Court Judge

COPIES TO:

Julian P. Steptoe
3010 Wilshire Boulevard, #299
Los Angeles, CA 90010

Jamilla R. Lankford
5203 Woodlawn Place
Bellaire, TX 77401

Adam A.D. Barbour
901 6th Street, S.W., #606
Washington, D.C. 20024

Jacinto A. Rhines
1764 W. 24th Street
Los Angeles, CA 90018

John P. Rhines
5233 N. Capital Street, N.E., #312
Washington, D.C. 20011

Jesse A. Rhines
Apartment M107
810 S. Flower Street
Los Angeles, CA 90017

Jerome C. Rhines
11048 Antietem Drive
Alta Loma, CA 91737

Carolyn C. Steptoe
1257 Lawrence Street, N.E.
Washington, D.C. 20017

Julie S. Lee
607 Bridle Lane
Birmingham, AL 35243

Marsha S. Culler
11519 Sequoia Lane
Beltsville, MD 20705

Veronica Vera
8581 Santa Monica Blvd., #209
West Hollywood, CA 90069

Johnny M. Howard
1001 Connecticut Avenue, NW
Suite 402
Washington, D.C. 20036
*Attorney for Defendant Jennifer G. Barbour*

Barry M. Tapp
14662 Cambridge Circle
Laurel, Maryland 20707
*Attorney for Jordan Funeral Service, Inc.*

Ronda B. Esaw, Esquire
D.C. Bar No. 494516
McGUIREWOODS LLP
1750 Tysons Boulevard, Suite 1800
McLean, Virginia 22102

*Counsel for Plaintiff*

\4949063.1