UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY, | ) ) ) | |
| Plaintiff | ) ) | Case No. 1:07-cv-01665<br>Assigned To : Kollar-Kotelly, Colleen |
| V. | ) ) ) | Assign Date : 9/20/2007<br>Description : Contract |
| JENNIFER G. BARBOUR<br>JULIAN P. STEPTOE<br>JAMILLA R. LANKFORD<br>ADAM A.D. BARBOUR,<br>JACINTO RHINES,<br>JOHN P. RHINES,<br>JESSE A. RHINES,<br>JEROME C. RHINES,<br>CAROLYN C. STEPTOE,<br>JULIE S. LEE,<br>MARSHA S. CULLER,<br>VERONICA VERA, AND<br>JORDAN FUNERAL SERVICE, INC. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**RECEIVED**

DEC 1 7 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

AMENDMENT TO JAMILLA R. LANKFORD'S ANSWER TO
COMPLAINT (TITLE IN ERROR PREVIOUSLY AS ANSWER
TO MOTION) FOR INTERPLEADER RELIEF

I, JAMILLA LANKFORD, ask permission of the Court to submit the following amendment to my Answer. I was not aware that, per Federal Rules of Civil Procedure, III, Pleadings and Motions, Rule 13, my answer should have included any additional claim I have against the opposing party.

On these statements I now stand, including my accompanying "Request for Summary Judgment" and Response to two Answers.

## DEFENDANT'S REQUEST FOR RELIEF

1. Immediately distribute the entire proceeds of my mother's life insurance policy, including interest, and after paying Jordan Funeral Home, to her designated beneficiary Jennifer G. Barbour.

2. Award any costs and attorney fees to all Defendants as sanction against the Plaintiff for providing misleading and incomplete information to the Court;

3. Deny defendant Julie Lee's and Carolyn Steptoe's counterclaims of liability and compensatory punitive damages against Metropolitan Life Insurance Company. Julie Lee and Carolyn Steptoe have not suffered financially, as they assert, because of Metropolitan Life Insurance Company's actions in this case, except for a delay in their attempt to profit from our mother's death by collecting funds she did not leave them and that they had no expectation of receiving when she died. On information and belief, they spent not one single dime incident to our mother's death, except for their own personal expenses.

## DEFENDANT JAMILLA R. LANKFORD'S COUNTERCLAIM AGAINST METROPOLITAN LIFE INSURANCE COMPANY

I respectfully ask the Court's discretion in allowing me to present my counterclaim which I didn't realize should have been attached to my original Answer.

1. I and all of my siblings equally suffered pronounced emotional distress from familial strife due to Plaintiff's malicious misrepresentations.

2. Therefore I seek compensatory and punitive damages for intentional, negligent and bad faith infliction of emotional distress to all of us, and onerous financial distress to me, of $1,200,000 against the Defendant Metropolitan Life Insurance Company, to be equally divided by the Court among our mother's 12 children. I am sure there are people in the world who would not miss $10,846.83 in cash out of their household budgets for a year, but at present I am not one of them. My husband and I are retired. My life is altered, my options

curtailed by Metropolitan Life Insurance Company's bad faith actions in this case. I support any separate claim my sister, Jennifer G. Barbour, may make against Metropolitan Life Insurance Company for her financial distress because of monies she paid incident to our mother's death and especially for their interference with payment to her as sole beneficiary.

3. I also seek any additional sanctions that the Court would deem fit and proper against Plaintiff, to be divided equally among Decedent's 12 children, for, on information and belief, A) telling Jennifer if she sent a letter with the wording Linda Rivera dictated, "there is not a trust anymore," that she would be paid the full amount of insurance immediately. This after Jennifer repeatedly told her there had never been a trust. B) For sending a claim form to Adam Barbour with a letter stating that his mother's designated beneficiary had died. C) For telling Jesse Rhines that once they received 7 claims forms and if he completed one they would deposit his share in a money market account when they knew they had Jennifer Barbour's claim and wouldn't pay anybody anything. D) For telling me that if we signed releases they would send Jennifer 1/12th of each of our "shares" when they knew she had claimed the full amount and they were liable to suit from her if they didn't pay her without a Court judgment stating otherwise. E) For trying to induce us to sign a release that would absolve Metropolitan Life of any claim by the signing person, though that wording was not unequivocally tied to having paid Jennifer a dime. F) For sending a claim form to my brother, Jacinto, even though he specifically asked Linda Rivera not to send him a claim form because he had already supported our sister Jenny's claim in a letter to the President of Metropolitan Life. G) For making many similar false inducements and representations via mail, telephone and email to all of my siblings for the sole purpose of creating a conflicting claim situation and thereby delaying giving any of us any money for as long as possible. H) Then, in their complaint, having the unadulterated audacity to tell the Court they had been "vexed and harassed by conflicting multiple claims" that they themselves had gone to

conscious, deliberate and continued effort to procure. On the contrary, we the Decedent's 12 children, are the ones who have been vexed and harassed even as we were coping with great grief at our mother's death. What a way to treat the offspring of someone who served our country's government for 44 plus years with honor. Metropolitan Life Insurance Company should not only be ashamed of itself, it should be chastised and sanctioned by this Court in the name of justice and to protect future beneficiaries of government life insurance.

This 15t day of December, 2007.

Respectfully submitted,

*/s/ Jamilla R Lankford*

Jamilla R Lankford
*Pro se*
5203 Woodlawn Place
Bellaire, TX 77401
Telephone: (713) 668 9936
jrlankford@earthlink.net