UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

METROPOLITAN LIFE
INSURANCE COMPANY,

　　　　Plaintiff

v.

JENNIFER G. BARBOUR
JULIAN P. STEPTOE
JAMILLA R. LANKFORD
ADAM A.D. BARBOUR,
JACINTO RHINES,
JOHN P. RHINES,
JESSE A. RHINES,
JEROME C. RHINES,
CAROLYN C. STEPTOE,
JULIE S. LEE,
MARSHA S. CULLER,
VERONICA VERA, AND
JORDAN FUNERAL SERVICE, INC.

　　　　Defendants.

Case No. 1:07-cv-01665
Assigned To : Kollar-Kotelly, Colleen
Assign Date : 9/20/2007
Description : Contract

RECEIVED
DEC 17 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

*[Handwritten annotations by Judge Kollar-Kotelly:]*
*Request to file denied without prejudice as there is no certificate of service to the other parties, many of whom are pro se and would not be notified of this pleading. It can be refiled if the other parties are served (send a copy) and a certificate indicating this is filed.*
*Judge C Kollar-Kotelly 12/28/07*

*Leave to file granted as certificate of service now filed.*
*Judge C Kollar-Kotelly 1/3/08*

### AMENDMENT TO JAMILLA R. LANKFORD'S ANSWER TO COMPLAINT (TITLE IN ERROR PREVIOUSLY AS ANSWER TO MOTION) FOR INTERPLEADER RELIEF

　　I, JAMILLA LANKFORD, ask permission of the Court to submit the following amendment to my Answer. I was not aware that, per Federal Rules of Civil Procedure, III, Pleadings and Motions, Rule 13, my answer should have included any additional claim I have against the opposing party.

　　On these statements I now stand, including my accompanying "Request for Summary Judgment" and Response to two Answers.

## DEFENDANT'S REQUEST FOR RELIEF

1. Immediately distribute the entire proceeds of my mother's life insurance policy, including interest, and after paying Jordan Funeral Home, to her designated beneficiary Jennifer G. Barbour.

2. Award any costs and attorney fees to all Defendants as sanction against the Plaintiff for providing misleading and incomplete information to the Court;

3. Deny defendant Julie Lee's and Carolyn Steptoe's counterclaims of liability and compensatory punitive damages against Metropolitan Life Insurance Company. Julie Lee and Carolyn Steptoe have not suffered financially, as they assert, because of Metropolitan Life Insurance Company's actions in this case, except for a delay in their attempt to profit from our mother's death by collecting funds she did not leave them and that they had no expectation of receiving when she died. On information and belief, they spent not one single dime incident to our mother's death, except for their own personal expenses.

## DEFENDANT JAMILLA R. LANKFORD'S COUNTERCLAIM AGAINST METROPOLITAN LIFE INSURANCE COMPANY

I respectfully ask the Court's discretion in allowing me to present my counterclaim which I didn't realize should have been attached to my original Answer.

1. I and all of my siblings equally suffered pronounced emotional distress from familial strife due to Plaintiff's malicious misrepresentations.

2. Therefore I seek compensatory and punitive damages for intentional, negligent and bad faith infliction of emotional distress to all of us, and onerous financial distress to me, of $1,200,000 against the Defendant Metropolitan Life Insurance Company, to be equally divided by the Court among our mother's 12 children. I am sure there are people in the world who would not miss $10,846.83 in cash out of their household budgets for a year, but at present I am not one of them. My husband and I are retired. My life is altered, my options

curtailed by Metropolitan Life Insurance Company's bad faith actions in this case. I support any separate claim my sister, Jennifer G. Barbour, may make against Metropolitan Life Insurance Company for her financial distress because of monies she paid incident to our mother's death and especially for their interference with payment to her as sole beneficiary.

3. I also seek any additional sanctions that the Court would deem fit and proper against Plaintiff, to be divided equally among Decedent's 12 children, for, on information and belief, A) telling Jennifer if she sent a letter with the wording Linda Rivera dictated, "there is not a trust anymore," that she would be paid the full amount of insurance immediately. This after Jennifer repeatedly told her there had never been a trust. B) For sending a claim form to Adam Barbour with a letter stating that his mother's designated beneficiary had died. C) For telling Jesse Rhines that once they received 7 claims forms and if he completed one they would deposit his share in a money market account when they knew they had Jennifer Barbour's claim and wouldn't pay anybody anything. D) For telling me that if we signed releases they would send Jennifer 1/12th of each of our "shares" when they knew she had claimed the full amount and they were liable to suit from her if they didn't pay her without a Court judgment stating otherwise. E) For trying to induce us to sign a release that would absolve Metropolitan Life of any claim by the signing person, though that wording was not unequivocally tied to having paid Jennifer a dime. F) For sending a claim form to my brother, Jacinto, even though he specifically asked Linda Rivera not to send him a claim form because he had already supported our sister Jenny's claim in a letter to the President of Metropolitan Life. G) For making many similar false inducements and representations via mail, telephone and email to all of my siblings for the sole purpose of creating a conflicting claim situation and thereby delaying giving any of us any money for as long as possible. H) Then, in their complaint, having the unadulterated audacity to tell the Court they had been "vexed and harassed by conflicting multiple claims" that they themselves had gone to

conscious, deliberate and continued effort to procure. On the contrary, we the Decedent's 12 children, are the ones who have been vexed and harassed even as we were coping with great grief at our mother's death. What a way to treat the offspring of someone who served our country's government for 44 plus years with honor. Metropolitan Life Insurance Company should not only be ashamed of itself, it should be chastised and sanctioned by this Court in the name of justice and to protect future beneficiaries of government life insurance.

Respectfully submitted,

This 1st day of December, 2007.

*[signature]*

Jamilla R Lankford
Pro se
5203 Woodlawn Place
Bellaire, TX 77401
Telephone: (713) 668 9936
jrlankford@earthlink.net

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

*Leave to file granted.*
*CK [signature] Kollar-Kotelly*
*1/3/08*

| | |
|---|---|
| **METROPOLITAN LIFE INSURANCE COMPANY,**<br><br>    Plaintiff<br><br>Colleen<br>V.<br><br>JENNIFER G. BARBOUR<br>JULIAN P. STEPTOE<br>JAMILLA R. LANKFORD<br>ADAM A.D. BARBOUR,<br>JACINTO RHINES,<br>JOHN P. RHINES,<br>JESSE A. RHINES,<br>JEROME C. RHINES,<br>CAROLYN C. STEPTOE,<br>JULIE S. LEE,<br>MARSHA S. CULLER,<br>VERONICA VERA, AND<br>JORDAN FUNERAL SERVICE, INC.<br><br>    Defendants. | Case No. 1:07-cv-01665<br>Assigned To : Kollar-Kotelly,<br><br>Assign Date : 9/20/2007<br>Description : Contract<br><br>**RECEIVED**<br>DEC 2 7 2007<br>NANCY MAYER WHITTINGTON, CLERK<br>U.S. DISTRICT COURT |

<u>SECOND AMENDMENT TO JAMILLA R. LANKFORD'S ANSWER TO COMPLAINT FOR INTERPLEADER RELIEF</u>

I ask the Court to accept this addition to my Answers to the Complaint.

**CERTIFICATE OF SERVICE**

This case was filed under the United States District Court for the District of Columbia's ECF electronic file and serve system. Answers of defendant Jamilla R. Lankford were filed with such Court and served on all parties herein electronically through such ECF electronic file and serve system on November 16, 2007, December 6, 2007 and December 19, 2007. For parties who cannot access the ECF file and serve system, a copy of the Answers of Defendant Jamilla R. Lankford to the Complaint have been emailed (if agreed by the party) or mailed first-class, postage prepaid to Julian P. Steptoe, 3010 Wilshire Boulevard, #299, Los Angeles, CA 90010; Veronica Vera, 5203 Woodlawn Place, Bellaire, TX 77401; Marsha S. Culler, 11519 Sequoia Lane, Beltsville, MD

20705; Julie S. Lee, 607 Bridle Lane, Birmingham, AL 35243; Carolyn C. Steptoe, 1257 Lawrence Street, NE, Washington, DC 20017; Jerome C. Rhines, 11048 Anietem Drive, Alta Loma, CA 91737; the Jordan Funeral Service, Inc., 5021 Illinois Avenue, NW, Washington, DC 20011; Adam A. D. Barbour, 901 – 6th Street, SW, #606A, Washington, DC 20024; Jacinto A. Rhines, 1764 W 24th Street, Los Angeles, CA 90018; John P. Rhines, 5233 North Capitol Street, NE, #312, Washington, DC 20011; and Jesse A. Rhines, 2122 Pico Boulevard #D, Santa Monica, CA 90405.

Respectfully submitted,

This 23rd day of December, 2007.

Jamilla R Lankford
*Pro se*
5203 Woodlawn Place
Bellaire, TX 77401
Telephone: (713) 668 9936
jrlankford@earthlink.net

