UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **METROPOLITAN LIFE** <br> **INSURANCE COMPANY,** <br><br> Plaintiff, <br><br> v. <br><br> **JENNIFER G. BARBOUR, et al.** <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) Case No. 1: 07-cv-01665-CCK <br> ) <br> ) <br> ) <br> ) |

**PLAINTIFF'S MOTION TO DISMISS**
**THE COUNTERCLAIM OF INTERPLEADER DEFENDANT**
**JAMILLA R. LANKFORD**

Plaintiff Metropolitan Life Insurance Company ("MetLife") by counsel and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, respectfully submits this Motion to Dismiss the Counterclaim ("Counterclaim") filed by Interpleader Defendant Jamilla R. Lankford ("Defendant").  MetLife respectfully requests that this Court dismiss Defendant's Counterclaims against MetLife with prejudice.  In support thereof, Plaintiff submits the attached Memorandum of Points and Authorities in Support.

Respectfully Submitted,

METROPOLITAN LIFE INSURANCE COMPANY

By Counsel,

        /s/ Ronda B. Esaw
Ronda Brown Esaw, Esq. (D.C. Bar No. 494516)
McGUIREWOODS LLP
1750 Tysons Boulevard, Suite 1800
McLean, Virginia  22102-4215
Telephone:  (703) 712-5392
Facsimile:  (703) 712-5251
resaw@mcguirewoods.com
Attorney for Plaintiff, Metropolitan Life
Insurance Company

**CERTIFICATE OF SERVICE**

I hereby certify that on the 23rd day of January, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing (NEF) to the following:

Johnny M. Howard
1001 Connecticut Avenue, NW
Suite 402
Washington, D.C.  20036
*Attorney for Defendant Jennifer G. Barbour*

Barry M. Tapp
14662 Cambridge Circle
Laurel, Maryland  20707
*Attorney for Jordan Funeral Service, Inc.*

And I hereby certify that I will mail the document by U.S. mail to the following non-filer user(s):

| | | |
|---|---|---|
| Julian P. Steptoe<br>3010 Wilshire Boulevard, #299<br>Los Angeles, CA  90010 | Jamilla R. Lankford<br>5203 Woodlawn Place<br>Bellaire, TX  77401 | Adam A.D. Barbour<br>901 6th Street, S.W., #606<br>Washington, D.C.  20024 |
| Jacinto A. Rhines<br>1764 W. 24th Street<br>Los Angeles, CA  90018 | John P. Rhines<br>5233 N. Capital Street, N.E., #312<br>Washington, D.C.  20011 | Jesse A. Rhines<br>Apartment M107<br>810 S. Flower Street<br>Los Angeles, CA  90017 |
| Jerome C. Rhines<br>11048 Antietem Drive<br>Alta Loma, CA  91737 | Carolyn C. Steptoe<br>1257 Lawrence Street, N.E.<br>Washington, D.C.  20017 | Julie S. Lee<br>607 Bridle Lane<br>Birmingham, AL  35243 |
| Marsha S. Culler<br>11519 Sequoia Lane<br>Beltsville, MD  20705 | Veronica Vera<br>8581 Santa Monica Blvd., #209<br>West Hollywood, CA  90069 | |

/s/ Ronda B. Esaw

\5015207.1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **METROPOLITAN LIFE** </br> **INSURANCE COMPANY,** </br> </br> Plaintiff, </br> </br> v. </br> </br> **JENNIFER G. BARBOUR, et al.** </br> </br> Defendants. | ) </br> ) </br> ) </br> ) </br> ) </br> ) Case No. 1: 07-cv-01665-CCK </br> ) </br> ) </br> ) </br> ) </br> ) |

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

Plaintiff Metropolitan Life Insurance Company ("MetLife") by counsel and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, respectfully submits this Memorandum of Points and Authorities in Support of its Motion to Dismiss the Counterclaim ("Counterclaim") filed by Interpleader Defendant Jamilla R. Lankford ("Defendant").  MetLife respectfully requests that Defendant's cause of action be dismissed at this time.

**I.   INTRODUCTION**

Defendant's *pro se* Counterclaim appears to assert a cause of action for intentional infliction of emotional distress.  See Counterclaim ¶¶ 1, 2.

As will be explained in greater detail below, Defendant's Claim is subject to dismissal with prejudice.  First and most importantly, Defendant's Claim is barred by 5 U.S.C. § 8709(d)(1), which gives the provisions of the Federal Employees' Group Life Insurance Policy ("FEGLI"), the force and effect of federal law and preempts and supersedes state law claims pertaining to benefits under the chapter.  Specifically,

Defendant's Claim is preempted because FEGLI limits a claimant's remedy, in any action at law or equity, to the amount of the benefit claimed under the policy. Moreover, even if Defendant's Claim was not preempted by federal statute and limited by the terms of the FEGLI policy - which it is - Defendant's Claim is otherwise subject to dismissal for failure to state a claim upon which relief can be granted. Defendant's Intentional Infliction of Emotional Distress Claim fails to allege outrageous conduct or severe distress. For these reasons, Plaintiff respectfully requests that this Court dismiss Claim pursuant to Rule 12(b)(6).

## II.   RELEVANT FACTS AND PROCEDURAL HISTORY

Defendant's Counterclaim arises out of Plaintiff's Complaint in Interpleader, filed with this Court on September 20, 2007, in response to various claims for life insurance proceeds arising from the death of Julia W. Barbour ("Decedent"), a retiree of the United States Department of Labor, Office of Administrative Management and Litigation. See generally Complaint in Interpleader.[1]

## III.   ARGUMENT

### A.   STANDARD OF REVIEW

A rule 12(b)(6) motion should be granted and claims should be dismissed where the plaintiff does not provide enough facts to state a claim of relief that is plausible on its face. See Vance v. Chao, 496 F. Supp. 2d. 182, 184 (D.D.C. 2007). In considering a motion to dismiss, the Court should accept as true the allegations in the opponent's pleadings and accord the benefit of all reasonable inferences to the non-moving party. See Sindram v. Merriwether, 506 F. Supp. 2d 7, 10 (D.D.C. 2007). Though a plaintiff is

---

[1] Defendant does not present a statement of facts in the Counterclaim. Accordingly, MetLife refers the Court to its Complaint in Interpleader for an understanding of the facts.

2

not required to plead facts sufficient to prove the plaintiff's case, "a plaintiff must make sufficiently detailed factual allegations in his complaint to raise a right to relief above the speculative level." Id.  Moreover, the Court need not accept inferences that are unsupported by the facts set forth in the complaint or legal conclusions couched as factual allegations.  See id.

   B.   **DEFENDANT'S CLAIM OF INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS SHOULD BE DISMISSED WITH PREJUDICE BECAUSE IT IS PREEMPTED BY 5 U.S.C. § 8709(d)(1).**

The FEGLI policy is governed by the Federal Employees' Group Life Insurance Act ("FEGLIA"), 5 U.S.C. §§ 8701-8716, the regulations at 5 C.F.R. Part 870 and the terms of the FEGLI policy itself.  As the exclusive source of regulation for FEGLI benefits, FEGLIA provides for preemption of state law at 5 U.S.C. § 8709(d)(1) and states in relevant part:

> The provisions of any contract under this chapter which relate to the nature or extent of coverage or benefits (including payments with respect to benefits) shall supersede and preempt any law of any State or political subdivision thereof, or any regulation issued thereunder, which relates to group life insurance to the extent that the law or regulation is inconsistent with the contractual provisions.

5 U.S.C. § 8709(d)(1) (Emphasis added).

In enacting this preemption legislation, Congress explicitly declared that the FEGLI Policy terms themselves preempt state law.  See, e.g., Metropolitan Life Ins. Co. v. Sullivan, 96 F.3d 18, 20 (2ndCir. 1996) (noting that the FEGLI policy explicitly preempted a New York state law); Matthews v. Matthews, 926 F. Supp. 650, 652 (N.D. Ohio 1996) (holding that "FEGLI policies preempt state law.").  Consequently, the very terms of the FEGLI Policy have the same effect as federal law.  Furthermore, the

3

ordinary meaning of the term "relates to" is broad.  See Metropolitan Life Ins. Co. v. Christ, 979 F.2d 575, 579 (7th Cir. 1992).  "[A] state law may 'relate to' a benefit plan, and thereby be preempted, even if the law is not specifically designed to affect such plans, or the effect is only indirect.'"  Morales v. Trans World Airlines, Inc., 504 U.S. 374, 386 (1992) (quoting Ingersoll-Rand Co. v. McClendon, 498 U.S. 133, 139 (1990)).

The core of Defendant's Claim is clearly premised upon the fact that Defendant has not yet received payment of benefits under the FEGLI Policy.  Accordingly, the remedy provided by the FEGLI policy preempts Defendant's state law claims pursuant to 5 U.S.C. § 8709(d)(1).  Amendment 70 to the FEGLI Policy, adding § 25, broadly addresses all claims for damages brought by beneficiaries or claimants and applies to any action in law or equity.  See Complaint in Interpleader, Exhibit A.

Amendment 70 provides in relevant part:

EXTRA-CONTRACT DAMAGES - In any action at law or in equity, the Beneficiary of record or claimant, as specified in Section 11 hereof, <u>shall be limited in the amount of recovery to the benefit claimed, plus reasonable attorney's fees as set by the court</u>.  The term "benefit claimed" is limited to:

    1.    the amount of Life Insurance . . . in force hereunder on account of the Employee . . . at the date of the Employee's death; and

    2.    interest as specified in subsection C of section 4 hereof; and

    3.    post-judgment interest at the statutory rate allowed on judgments in the applicable state.

Id.

As a claimant to the FEGLI Proceeds, Defendant is limited in his recovery to "the benefit claimed," certain payments of interest and "reasonable attorney's fees as set by the court."  Accordingly, Defendant's Claim is absolutely barred by the express language above, which has the force and effect of federal law pursuant to 5 U.S.C. § 8709(d)(1).

4

Accordingly, Defendant's Claim is preempted and should be dismissed with prejudice pursuant to Rule 12(b)(6).

### C. DEFENDANT'S CLAIM OF INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS SHOULD ALSO BE DISMISSED BECAUSE IT FAILS TO ALLEGE FACTS SUFFICIENT TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED.

In addition to the obvious bar imposed by 5 U.S.C. § 8709(d)(1), Defendant's Intentional Infliction of Emotional Distress Claim fails because Defendant fails to allege facts sufficient to establish extreme and outrageous conduct or severe distress. To establish a claim for intentional infliction of emotional distress, a claimant must prove: 1) extreme and outrageous conduct that; 2) intentionally or recklessly caused; 3) severe emotional distress to another. See Jung v. Jung, 791 A.2d 46, 50 (D.C. 2002). "Conduct does not rise to the level of being either extreme or outrageous if it consists of "mere insults, indignities, threats, annoyances, pretty oppressions, or other trivialities." Id. (emphasis added). Instead, liability attaches only when conduct "goes beyond all possible bounds of decency and is regarded as atrocious and utterly intolerable in a civilized community." Id.

In the instant case, Defendant fails to assert that MetLife engaged in extreme and outrageous conduct. See generally Counterclaim. Rather, Defendant claims only that his "life is altered, my options curtailed by Metropolitan Life Insurance Company's bad faith actions in this case." See Counterclaim ¶ 2. Although it is unclear what "actions" Defendant is referring to,[2] his blanket allegation that his "life is altered" clearly does not rise to the exacting standard announced by this Court. See Jung, 791 A.2d at 50.

---

[2] The remaining paragraph in Defendant's Counterclaim does not allege any facts relating to his claim of Intentional Infliction of Emotional Distress and instead, seeks additional sanction on behalf of other parties to this action.

5

Defendant also fails to allege that Metlife's actions were intentional or reckless, and similarly fails to allege severe emotional distress.  <u>See</u> Counterclaim ¶ 2.

In sum, Defendant has failed to plead facts sufficient to establish any of the elements of his emotional distress claim, and his Claim should therefore be dismissed with prejudice pursuant to Rule 12(b)(6).

## IV. <u>CONCLUSION</u>

For the foregoing reasons, MetLife respectfully requests that this Court dismiss Defendant's Counterclaims against MetLife with prejudice.

Respectfully submitted this 23rd day of January, 2008.

        /s/ Ronda B. Esaw
Ronda Brown Esaw, Esq. (D.C. Bar No. 494516)
McGUIREWOODS LLP
1750 Tysons Boulevard, Suite 1800
McLean, Virginia  22102-4215
Telephone:  (703) 712-5392
Facsimile:  (703) 712-5251
resaw@mcguirewoods.com
Attorney for Plaintiff, Metropolitan Life Insurance Company

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 23rd day of January, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing (NEF) to the following:

Johnny M. Howard
1001 Connecticut Avenue, NW
Suite 402
Washington, D.C.  20036
*Attorney for Defendant Jennifer G. Barbour*

Barry M. Tapp
14662 Cambridge Circle
Laurel, Maryland  20707
*Attorney for Jordan Funeral Service, Inc.*

And I hereby certify that I will mail the document by U.S. mail to the following non-filer user(s):

| | | |
|---|---|---|
| Julian P. Steptoe<br>3010 Wilshire Boulevard, #299<br>Los Angeles, CA  90010 | Jamilla R. Lankford<br>5203 Woodlawn Place<br>Bellaire, TX  77401 | Adam A.D. Barbour<br>901 6th Street, S.W., #606<br>Washington, D.C.  20024 |
| Jacinto A. Rhines<br>1764 W. 24th Street<br>Los Angeles, CA  90018 | John P. Rhines<br>5233 N. Capital Street, N.E., #312<br>Washington, D.C.  20011 | Jesse A. Rhines<br>Apartment M107<br>810 S. Flower Street<br>Los Angeles, CA  90017 |
| Jerome C. Rhines<br>11048 Antietem Drive<br>Alta Loma, CA  91737 | Carolyn C. Steptoe<br>1257 Lawrence Street, N.E.<br>Washington, D.C.  20017 | Julie S. Lee<br>607 Bridle Lane<br>Birmingham, AL  35243 |
| Marsha S. Culler<br>11519 Sequoia Lane<br>Beltsville, MD  20705 | Veronica Vera<br>8581 Santa Monica Blvd., #209<br>West Hollywood, CA  90069 | |

/s/ Ronda B. Esaw

\5009562.1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **METROPOLITAN LIFE INSURANCE COMPANY,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**JENNIFER G. BARBOUR, et al.** )<br>)<br>Defendants. )<br>_____) | Case No. 1: 07-cv-01665-CCK |

## ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS THE COUNTERCLAIM OF INTERPLEADER DEFENDANT JAMILLA R. LANKFORD

This matter is before the Court on Plaintiff's Motion to Dismiss the Counterclaim of Interpleader Defendant Jamilla R. Lankford pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Upon consideration of the Motion, any opposition filed thereto and the pleadings herein, it is hereby

ORDERED that Plaintiff's Motion to Dismiss the Counterclaim of Interpleader Defendant Jamilla R. Lankford be, and the same hereby is, granted in its entirety, it is further

ORDERED that Interpleader Defendant Jamilla R. Lankford's Counterclaim be, and the same hereby is, dismissed with prejudice.

Signed this _____ day of _____, 20____.

_____
COLLEEN KOLLAR-KOTELLY
United States District Court Judge

COPIES TO:

| | | |
|---|---|---|
| Julian P. Steptoe<br>3010 Wilshire Boulevard, #299<br>Los Angeles, CA  90010 | Jamilla R. Lankford<br>5203 Woodlawn Place<br>Bellaire, TX  77401 | Adam A.D. Barbour<br>901 6th Street, S.W., #606<br>Washington, D.C.  20024 |
| Jacinto A. Rhines<br>1764 W. 24th Street<br>Los Angeles, CA  90018 | John P. Rhines<br>5233 N. Capital Street, N.E., #312<br>Washington, D.C.  20011 | Jesse A. Rhines<br>Apartment M107<br>810 S. Flower Street<br>Los Angeles, CA  90017 |
| Jerome C. Rhines<br>11048 Antietem Drive<br>Alta Loma, CA  91737 | Carolyn C. Steptoe<br>1257 Lawrence Street, N.E.<br>Washington, D.C.  20017 | Julie S. Lee<br>607 Bridle Lane<br>Birmingham, AL  35243 |
| Marsha S. Culler<br>11519 Sequoia Lane<br>Beltsville, MD  20705 | Veronica Vera<br>8581 Santa Monica Blvd., #209<br>West Hollywood, CA  90069 | Johnny M. Howard<br>1001 Connecticut Avenue, NW<br>Suite 402<br>Washington, D.C.  20036<br>*Attorney for Defendant Jennifer G. Barbour* |
| Barry M. Tapp<br>14662 Cambridge Circle<br>Laurel, Maryland  20707<br>*Attorney for Jordan Funeral Service, Inc.* | Ronda B. Esaw, Esquire<br>D.C. Bar No. 494516<br>McGUIREWOODS LLP<br>1750 Tysons Boulevard, Suite 1800<br>McLean, Virginia 22102<br>*Counsel for Plaintiff* | |

\5015204.1

2