CLERK
US DISTRICT & BANKRUPTCY COURTS
2008 JAN 26 AM 12:02
RECEIVED

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

METROPOLITAN LIFE INSURANCE COMPANY,

Plaintiff,

v.

JENNIFER G. BARBOUR, ET AL.,

Defendants.

CA-1:07-01665-CCK

OPPOSITION OF PLAINTIFF JULIE LEE
TO PLAINTIFF'S MOTION TO DISMISS

For the reasons set forth below, Plaintiff Julie Lee ("Lee") opposes Defendant's Motion to Dismiss and requests this Court to deny Defendant's the relief it seeks.

Standard of Review

On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the issue is not whether the plaintiff will prevail, but whether the plaintiff should be allowed to prove her claims. *Banks v. New York*, 515 F.Supp. 2d. 89 (D.D.C. 2007). The court should accept as true the allegations contained in a plaintiffs' pleading and accord the plaintiff the benefit of all reasonable inferences. *Sindram v. Merriwether*, 506 F. Supp. 2d 7, 10 (D.D.C. 2007).

Argument

I. Plaintiffs' Claims are not Preempted by 5 U.S.C. Sec. 8707(d)(1)

The Defendant seeks dismissal of the Plaintiff's claims on the theory that the Federal Employee's Group Life Insurance Policy ("FEGLIA"), 5 U.S.C. Sec. 8701-8716,

implementing regulations 5 C.F.R. Part 870, and the policy itself preempt the claim. According to the Defendant, the preemption gives force and effect to Amendment 70 to the policy, limiting Plaintiff's remedy to the amount of the benefit claimed, and reasonable attorney fees.

The preemption language on which the Defendant relies is as follows:

> The provisions of any contract under this chapter which relate to the **nature or extent of coverage or benefits** (including payments with respect to benefits) shall supersede and preempt any law of any state or political subdivision thereof, or any regulation issued thereunder, **which relates to group life insurance to the extent that the law or regulation is inconsistent with the contractual provision.**

5 U.S.C. Sec. 8709(d)(1)(emphasis added).

The contract provision the Defendant asserts preempts Plaintiff's state law claims is as follows:

> EXTRA CONTRACT DAMAGES – In any action at law or in equity, the beneficiary of record or claimant, as specified in Section 11 hereof, shall be limited in the amount of recovery to the benefit claimed, plus reasonable attorney fees as set by the Court…"

Amendment 70 to the FEGLI policy.

Defendant's claim should fail because, on its face, the preemption provision does not apply to Plaintiff's state common law tort, contract, and fiduciary claims. One, Plaintiff's claims relate to the Defendant's misconduct rather than group life insurance. Two, Plaintiff's state common law claims are not inconsistent with Amendment 70 in that Amendment 70 addresses only **extra contract damages** while Plaintiff alleges two unrelated intentional torts, an unrelated contract breach and an unrelated breach of a

fiduciary duty not related to cover.[1] Defendant's claim should additionally fail because, on its face, Amendment 70 does not relate to the nature or extent of coverage or benefits. Amendment 70 simply sets forth a remedy for extra-contract damages claims.

Preemption of state laws occurs in three circumstances: (1) when a statute enacted by Congress explicitly states that state law is preempted, or when preemption is explicitly contained in the structure and purpose of the statute; (2) when the state law actually conflicts with the federal law; or (3) if federal law "so thoroughly occupies a legislated field 'as to make reasonable the inference that Congress left no room for the State to supplement it.'" *Cipollone v. Liggett Group, Inc. et. al.*, 505 U.S. 504, 516 (1992). Notably, preemption of state laws is less likely "if the federal law leaves a plaintiff without any available means of redress." *Dow Chemicals v. Oxendine*, 649 A.29 825, 829 (D.C. 1994). Moreover, it is reasonable to expect that when Congress wants to relieve special interests of immunity from tort and common actions it will do so expressly by statute or legislative history. *Silkwood v. Kerr-McGee Corp*, 464 U.S. 238, 251 (1984); *Oxendine* at 829. It did not do so in FEGLIA.

Whether the state laws violated by the Defendant are preempted by the Defendant depend on whether they "relate to group life insurance." This question may be resolved by looking at whether the laws "have a connection with or reference to FEGLIA. See, *The District of Columbia and Sharon Pratt Kelly v. The Greater Washington Board of Trade*, 506 U.S. 125, 129 (1992). State laws that have only a "tenuous, remote or peripheral connection with covered insurance plans, are not preempted. *The District of*

[1] Even assuming, for example, this Court were to conclude that the contract claim was preempted by Amendment 70, the remedy would be an adjustment to Plaintiff's recovery, not dismissal of the claim.

*Columbia and Sharon Pratt Kelly v. The Greater Washington Board of Trade* at 130, citing *Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 100 (1983).*[2]

Fradulent misrepresentation, which includes false representation of a material fact and concealment of a material fact, is not predicated on any duty related to the nature, extent or coverage of insurance benefits; instead, it is based on a more general duty not to deceive. *Cipollone* at 528-529. Nothing in the language of the FEGLIA preemption explicity or implicitly is aimed at regulating fraudulent content by Metropolitan Life Insurance Company. There is no conflict between FEGLIA's contractual obligation regarding life insurance coverage, and the state prohibition against an insurance company committing fraud. Nor is fraudulent misrepresentation so thoroughly occupied by federal law as to make it reasonable that Congress did not want the States to supplement in that area. *Cipollone* at 530-531. Finally, if the Defendant has its way, no insured or claimant would have any available redress against misconduct on the part of FEGLI – no matter how egregious.

Similarly, FEGLIA does not preempt the Plaintiff's contract and fiduciary claims as they as they simply relate to a private contract or duty between two private litigants. *Kittner v. Metropolitan Life Insurance Company*, 2001 U.S. Dist. LEXIS 4883 (non-published opinion; but see December 2007 amendments); notably, because "a contract is

---

[2] The Defendant's reliance on *Morales v. Transworld Airlines, Inc.* 504 U.S. 374 (1992), to support preemption is misplaced. The ERISA preemption is much broader in scope than the FEGLIA preemption and, more important, does not preempt general common law claims related to intentional misconduct and negligence (citations omitted). Additionally, the defendant overstates the holding in the other cases it cites as those cases (Metropolitan Life Insurance v. Sullivan, 96 F.3d 18 (2nd Cir. 1996), and Matthews v. Matthews, 926 F. Supp. 650 (N.D. Ohio 1996)) deal with conflicting laws bearing directly on the method of designating beneficiaries and/or who the beneficiary should be; the instant action bears on the Defendant's misconduct. Moreover, the ERISA cases, FEGLIA preemption cases, and federal preemption cases as a whole recognize the need to look at congressional intent and the relationship between that and the state law at issue. See, Metropolitan Life Insurance v. Margaret Christ, 979 F.2d 575, 578, n.5 (1992).

subject to federal regulation" does not mean that all aspects of it are government by federal law. *Metropolitan Life Ins. Co. v. White,* 972 F.2d. 122, 124 (5th Cir. 1992); See, Corp *v. Kemp* , 753 F. Supp. 1026, 1030 (D. Mass 1991). In the instant action, "Although federal statutes and regulations may ultimately be looked to at some point in this litigation," the contract action[3], are simply state common law actions with minimal impact on or relevance to FEGLIA. *Kittner* at (citation omitted).

II. Plaintiff has Pled Sufficient Facts to State a Claim of Intentional Infliction of Emotional Distress

In support of its Fed. R. Civ. P. 12(b)(6) motion to dismiss Plaintiff's intentional infliction of emotional distress claim, the Defendant relies on *Jung v. Jung,* 791 A.2d 46, 50. In *Jung*, the D.C. Court of Appeals affirmed the trial court's grant, pursuant to Super Ct. Civ. R. 50, of judgment as a matter of law in favor of the Defendants on the Plaintiff's claim of intentional infliction of emotional distress. Whether, in *Jung*, there was sufficient evidence on the trial record for a reasonable jury to have found (1) extreme and outrageous conduct, that (2) intentionally or recklessly, (3) severe emotional distress, is a wholly different question from whether the instant Plaintiff has stated a claim on which relief can be granted.

Among other relevant averments, Plaintiff averred the following in her complaint: for reasons unrelated to any dispute between Julia W. Barbour's ("Ms. Barbour") children, the Defendant denied Jennifer Barbour's claim for payment of Ms. Barbour's insurance proceeds to her. Immediately subsequent to that denial, Defendant discovered that its employee/agent improperly "witnessed" the designation. The employee's/agent's conduct rendered the designation void, created a conflict of interest between the

[3] ...as well as the fraudulent misrepresentation and breach of fiduciary duty claims.

Defendant and the insured and claimants, and rendered the Defendant independently culpable to persons seeking to claim pursuant to the designation.

Rather than distribute in accord with the plain letter of the law created by the absence of a trust and a voided designation, the Defendant committed not to pay anyone and engaged in a scheme to create a "false dispute" that would saddle this Court with the decision-making responsibility. In that regard, it lured the Plaintiff into filing a claim, which it had no intent to pay, for the purpose of moving for interpleader relief.

Interpleader relief is not intended as an avenue to relieve parties of their legal duty, extricate them from self-created legal morasses, or relieve them from possible culpability for misconduct or malfeasance. It is not intended to protect a party with unclean hands from being sued for its own misconduct, or help it limit its liability for that misconduct. Interpleader is aimed at preventing the party with clean hands from vexatious litigation; Defendant's hands are not clean.

Defendant had two clear legal bases upon which to distribute in the order of precedence, and decided it had a legal basis to distribute in the order of precedence months before Plaintiff filed a claim (Plaintiffs were the only two children or interests to file a claim). It became disinclined to distribute when it discovered its own misconduct and/or malfeasance and, instead, initiated a scheme to minimize its self-created conflict of interest, and potential liability. In furtherance of this scheme, Defendant abused the Court system in an extreme and outrageous manner and similarly abused the Plaintiff by dragging her into court unnecessarily.

Moreover, the Defendant intentionally and recklessly put the Plaintiff at direct and extreme odds with her siblings, and on the sad and emotional occasion of their

mother's death. In fact, the Defendant not only knew the Plaintiff's sensitivity at the time of Defendant's misconduct, but exploited it. As part of its scheme, the Defendant repeatedly lied to the Plaintiff regarding its intent to pay, and lied to the Plaintiff regarding its delay of payment.

Plaintiff has averred sufficient facts to state a claim a claim intentional infliction of emotional distress: the combination of Defendant's motive, scheme, method and conduct was extreme and outrageous. It "...goes beyond all possible bounds of decency," *Waldon v. Covington*, 415 A.2d 1070, 1076 (D.C. 1980), particularly in the context in which the conduct occurred and Defendant's unique knowledge about Plaintiff's sensitivity. It also caused the Plaintiff severe emotional distress.[4] See also, *Hoyman v. Goyal,* 711 F.2d 812 (D.C. 1998). Plaintiff's averment of its claims is neither speculative nor implausible, and provides the Defendant with sufficient notice to defend. For these reasons, Defendant's motion to dismiss Plaintiff's intentional infliction of emotional distress claim should be denied.

## III. Plaintiff has Pled Sufficient Facts to State a Claim of Fraudulent Misrepresentation

The elements of fraudulent misrepresentation are (a) a false representation; (2) in reference to a material fact; (3) made with knowledge of the falsity; (4) with the intent to deceive; (5) and action taken by the claimant in reliance upon the representation; (6) which consequently resulted in provable damages. *Railan v. Katyal,* 766 A.2d 998 (D.C. 2001). Among other relevant averments, Plaintiff has averred sufficient facts to defeat the Defendant's motion to dismiss her fraudulent misrepresentation claim. Fed. R. Civ. P.

[4] Defendant appears only to challenge the sufficiency of evidence of the first element of this tort, "extreme and outrageous conduct; it asserts that its challenge is limited to the first argument, and does not address the other elements.

12(b)(6) motion.[5] Plaintiff averred that Defendant represented it had decided to distribute the insurance proceeds in the order of precedence. Plaintiff averred that Defendant made this decision without there being any dispute from Plaintiff (or any other person) regarding Jennifer Barbour's claim. Months later, the Defendant advised Plaintiff that it would distribute to them personally and invited them to file a claim. After Plaintiff filed a claim, Defendant repeatedly told her they would pay it. These representations were false. Defendant never intended to distribute to her, lied to her about delays in distribution, and concealed relevant facts. The purpose of the Defendant's deceit was to lure the Plaintiffs' into a "false dispute" with Jennifer Barbour to create a reason for moving for interpleader relief. The Plaintiff, in reliance on the Defendant's representations, filed a claim for her share of the distributions (and have been at extreme odd with their siblings ever since) and took other actions in reliance on being paid.

The foregoing caused tension and distress in the Plaintiffs' relationships with the siblings, sadness and anguish, and other damages set forth in their counterclaims. The averment of facts contained in the complaint, and as set forth here, should preclude grant of Defendant's motion to dismiss Plaintiff's false misrepresentation claim.

## IV. Plaintiff Pled Sufficient Facts to State a Claim for Breach of Fiduciary Duty, Breach of Contract and Tortious Interference with a Contract (Plaintiff's Inheritance)

Among other relevant averments, the Plaintiff averred that she was a beneficiary of their mother's insurance policy, and that the Defendant breached its fiduciary duty and breached a contract, and interfered with Plaintiff's inheritance, when its employee and/or agent acted as both an official and witness on her mother's beneficiary designation, and

[5] Plaintiff incorporates by reference relevant averments contained in Section I of this pleading

as an agent for Jennifer Barbour, a person with a fiduciary interest in their mother's insurance policy. Moreover, Plaintiff averred that (for its own improper reasons and in conflict with Plaintiff's interest), the Defendant lied to and misled her and gave them false information causing them injury.

By law, the Defendant had a fiduciary and contractual duty to the Plaintiff that makes them liable for their conduct. *Develin v. United States of America, 352 F.3d 525, 539-541 (2003).*

Conclusion

Defendant's motion should be denied.

Respectfully submitted,

________/s/________

Julie S. Lee
Proceeding Pro Se
607 Bridle Lane
Birmingham, AL 35243
(205) 968-4025
Jlee179319@aol.com

**CERTIFICATE OF FILING AND SERVICE**

I hereby certify that on this date, January 25, 2008, the foregoing *Opposition of Plaintiff Julie Lee to Plaintiff's Motion to Dismiss* were filed, via hand delivery, with the U.S. District Court for the District of Columbia in the above-captioned case.

I further certify that a copy of both documents was served, via first class mail on the following :

Marsha S. Culler
11519 Sequoia Lane
Beltsville, MD 20705

Julie S. Lee
607 Bridle Lane
Birmingham, AL 35243

Adam A.D. Barbour
901 6th Street, SW, #606
Washington, DC 20024

Julian P. Steptoe
3010 Wilshire Boulevard, #299
Los Angeles, CA 90010

Jerome C. Rhines
11048 Anietem Drive
Alta Loma, CA 91737

Jesse A. Rhines
2122 Pico Boulevard, #D
Los Angeles, CA 20024

Veronica Vera
5203 Woodlawn Place
Bellaire, TX 77401

Carolyn C. Steptoe
1257 Lawrence Street, NE
Washington, DC 20017

Barry McCoy Tapp
TAPP & ASSOCIATES
14662 Cambridge Circle
Laurel, MD 20707-3733
*Attorney for Defendant Jordan Funeral*

Ronda B. Esaw, Esq.
McGuire Woods LLP
1750 Tysons Boulevard, Suite 1800
McLean, VA 22102
*Attorney for Plaintiff MetLife*

Jacinto A. Rhines
1764 W. 24th Street
Los Angeles, CA 90018

John P. Rhines
5233 N. Capitol Street, #312
Washington, DC 20011

Jennifer Barbour
901 6th Street, SW, #606
Washington, DC 20024

Jamilla R. Lankford
5203 Woodlawn Place
Bellaire, TX 77401

Carolyn C. Steptoe

Carolyn C. Steptoe, *Pro Se*