**JESSE ALGERON RHINES, PH. D.**
**610 SOUTH FLOWER ST. #M1107**
**LOS ANGELES, CA 90017**
**213 627 2723**
filmshorts@att.net

Clerk's Office
U.S. District Court
for the District of Columbia
333 Constitution Avenue, NW
Washington, D.C. 20001

Thursday, December 20, 2007

Re: Case No. 1:07-cv-01665 (CKK)

Dear Court:

I am writing as urged by my sister, Julie Steptoe Lee, Esquire. Her email dated Friday, December 14, 2007 stated:

> Jesse. I'm not sure if you are reading your mail, but this is what the Court says. I'm sure if you need more time to answer, they will give it to you. Maybe you are in the hospital and cant file anything. If so, you can try calling the Judge's Law Clerk and telling them your situation and asking for more time to file.

In fact, I am fighting a losing battle with my non-caring, slow and incompetent la Vida HMO for my prostate cancer, which should have been treated by November 2007. La Vida loses documents, keeps one on phone hold for hours, and even just ignores requests for service (e.g. my months old request for a psychologist in this VERY tense period) to the point where now I expect to die a very painful death within four years. Records do not indicate that my 2006 complete physical even included a prostate exam. HMOs are horrible health care instruments. This cancer fight takes all of my time just now. Every second one has cancer is a loss. For the last months, I should have been researching treatment options rather than micro-managing my HMO.

Julie's email seems to imply that I had not and perhaps should have written to the Court. My family members are at war now and, it seems, very reluctant to provide full and useful information perhaps because such provision may impact their individual or collective case regarding my dead mother's insurance money. I have perused the document sent me by attorney Esaw dated 9/20/07 and find that it asks nothing of me beyond signing and returning a waiver of service. I did sign and return it. I do not have any reason for writing this letter beyond that my sister, who is an attorney and is opposing another of my sisters in this case, implied that I should. Please advise.

My understanding is that that my mother really messed up the insurance leaving process by putting the word "trustee" with my sister Jennifer's name. While I do not know if this action was a mistake, I will accept any money due me from this insurance. I recall that my mother did talk with me about insurance and she delineated her post death desires in a manner similar to the FEGLI Designation of Beneficiary form dated 4/20/98. It was clear to me at that time that my mother did not wish benefits to be equally divided among her offspring, specifically, my siblings, and the FEGLI Designation of Beneficiary form dated 4/20/98 reflects, generally, my recollections of her wishes as told to me.

I do not recall any subsequent discussions with my mother regarding this insurance.

Thank you,

Jesse RHINES, Ph. D.