UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
JUL 1 1 2003
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| **METROPOLITAN LIFE INSURANCE COMPANY,** )<br>)<br>) | |
| **Plaintiff** )<br>) | Case No. 1:07-cv-01665<br>Assigned To : Kollar-Kotelly, |
| Colleen<br>V. )<br>) | Assign Date : 9/20/2007<br>Description : Contract |
| **JENNIFER G. BARBOUR** )<br>**JULIAN P. STEPTOE** )<br>**JAMILLA R. LANKFORD** )<br>**ADAM A.D. BARBOUR,** )<br>**JACINTO RHINES,** )<br>**JOHN P. RHINES,** )<br>**JESSE A. RHINES,** )<br>**JEROME C. RHINES,** )<br>**CAROLYN C. STEPTOE,** )<br>**JULIE S. LEE,** )<br>**MARSHA S. CULLER,** )<br>**VERONICA VERA, AND** )<br>**JORDAN FUNERAL SERVICE, INC.** )<br>)<br>**Defendants.** )<br>_____) | |

### DEFENDANT JAMILLA LANKFORD'S OPPOSITION TO PLAINTIFF METROPOLITAN LIFE INSURANCE COMPANY'S PETITION FOR AWARD OF ATTORNEY'S FEES AND COSTS

Metropolitan Life comes to this Court with unclean hands seeking compensation of attorney's fees and costs. Surely the law does not reward deliberate duplicity in the conduct of business financed from the public purse. Rather than being honest with decedent's children, MetLife repeatedly lied to us to induce claims in opposition to Jennifer's.

LIE #1 – MetLife via Linda Rivera told Jenny they would pay her immediately if she sent a letter saying there was no trust "anymore," a word they instructed her to include. Since they are not neophytes on FEGLI matters, they knew that what they said was not true. In a letter to my brother, Jesse Rhines, dated June 20, 2007, they used the *absence* of a trust as a reason to ignore my mother's beneficiary designation.

LIE #2 - In March 7, 2007 letters to us, MetLife stated, "The designated beneficiary died before Mrs. Barbour." In neither her April '98 nor her September '98 forms did my mother designate her spouse as her sole or even her primary beneficiary and nobody else had died. On both forms, Jennifer Barbour was either the sole or the primary beneficiary. Based on this lie, MetLife instructed us to complete the enclosed claim forms.

LIE #3 – In the same letter, "I will process your claim. The process takes about 10 days." Again, not being neophytes and especially being in possession of a letter from Jenny's attorney asserting her claim to 100% of the proceeds, MetLife knew this was a lie.

LIE #4 – In the same June 20, 2007 letter to Jesse Rhines: "Once we are able to determine the number of children of the insured, and we receive the majority of claim forms (seven), we will start to release the payments." Another conscious lie.

LIE #5 – At no point did MetLife tell us that OPM — whose job, according to Congress, it is to determine who the beneficiaries are of FEGLI life insurance — had sent them a form designating Jenny as the beneficiary.

There were more misrepresentations to us than the above, but I think they are sufficient to prove beyond the slightest doubt that MetLife intentionally misled us. Again, not being neophytes in the FEGLI process and law, they knew full well that they wouldn't pay any of us anything in 10 days or even 100 days — even if all eleven of the rest of us withdrew our affidavits because they had Jennifer's claim to the full proceeds and her seriousness in the form of the attorney she had engaged.

They knew without doubt that this case would go to Court as an interpleader. Therefore, their entire intention in lying to us was to induce counter claims to Jennifer's so they could delay paying my mother's insurance as long as possible then claim attorney's fees — a strategy well known to be a profitable one for insurers.

More than one sympathetic person involved in the process told us, "They do this all the time."

Had MetLife said to us: Your mother designated Jennifer G. Barbour as her 100% beneficiary, but she added the title "trustee." Jennifer has submitted a claim for the entire proceeds. You may submit a claim for 1/12th of the insurance under the order of precedence, however, if Jennifer maintains her 100% claim we will not be able to make payment. The beneficiary will be decided by a Court in an interpleader which could delay payment for an indeterminate period of time.

Had they said this or something similar, they would deserve attorney's fees, but they did not. Their whole and very energetic focus was to deceptively obtain counter-claims to Jenny's by promising quick payments they knew with certainty would not

occur, given Jennifer's repeated statements and letters to them asserting her 100% claim. <u>By lying to us, they denied us the chance to make informed decisions that would result in early payment of the insurance proceeds</u>. Instead, they induced us to act against our own financial interests.

Awarding MetLife attorney's fees for such outrageously duplicitous behavior would be an injustice to us and to our mother, who paid FEGLI insurance premiums in good faith for years, intending we not endure the very financial hardships that we have faced as a result of her death, thanks to MetLife.

Even if MetLife were to argue that their errors of omission and untrue statements to us were simply mistakes, I ask the Court to consider that MetLife is a multi-million dollar insurance company with all the legal, financial and manpower resources necessary to conduct business properly. It would be unfair in the extreme if, in addition to everything else, MetLife were to visit the costs associated with *its* mistakes on decedent's non-multimillionaire offspring.

I invoke whatever legal authorities support the above and ask the Court to use its judicial discretion to deny Metropolitan Life's petition.

Respectfully submitted,

This 9th day of July, 2007.

_____
Jamilla R Lankford
*Pro se*
5203 Woodlawn Place
Bellaire, TX 77401
Telephone: (713) 668 9936
jrlankford@earthlink.net

## CERTIFICATE OF SERVICE

  I hereby certify that on July 9, 2009 I mailed the foregoing to the Clerk of the Court which will send notification of such filing to the following:

Johnny M. Howard
1001 Connecticut Avenue, NW
Suite 402
Washington, D.C. 20036
*Attorney for Defendant Jennifer G. Barbour*

Barry M. Tapp
14662 Cambridge Circle
Laurel, Maryland 20707
*Attorney for Jordan Funeral Service, Inc.*

  And that I sent the document by email as a PDF to:

Julian P. Steptoe
3010 Wilshire Boulevard,
#299
Los Angeles, CA 90010

Adam A.D. Barbour
901 6th Street, S.W., #606
Washington, D.C. 20024

Jacinto A. Rhines
1764 W. 24th Street
Los Angeles, CA 90018

John P. Rhines
5233 N. Capital Street, N.E.,
#312
Washington, D.C. 20011

Jesse A. Rhines
Apartment M107
810 S. Flower Street
Los Angeles, CA 90017

Jerome C. Rhines
11048 Antietem Drive
Alta Loma, CA 91737

Marsha S. Culler
11519 Sequoia Lane
Beltsville, MD 20705

Veronica Vera
8581 Santa Monica Blvd.,
#209
West Hollywood, CA 90069

And that I will mail the document by U.S. mail to the following non-users:

Carolyn C. Steptoe
1257 Lawrence Street, N.E.
Washington, D.C. 20017

Julie S. Lee
607 Bridle Lane
Birmingham, AL 35243

_____
Jamilla R. Lankford