UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY, ) ) ) Plaintiff, ) ) v. ) ) JENNIFER G. BARBOUR, et al., ) ) Defendants. ) _____ ) | Case No. 1: 07-cv-01665-CCK |

*Let it be filed.*
*Judge CK Kelly*
*7/14/08*

**DEFENDANT JOHN P. RHINES', PRO SE, OPPOSITION TO PLAINTIFF METROPOLITAN LIFE INSURANCE COMPANY'S ("Metlife's") PETITION FOR AWARD OF ATTORNEYS' FEES AND COSTS**

Metlife's motion requesting attorneys' fees and costs in the amount of $18,000.00+ strikes me as at once, vile, criminal, abominable, predatory and premeditated. It was a set-up from the beginning.

On a flimsy pretext, the addition of the word "trustee" on a proper form designating a beneficiary of insurance, Metlife denied Jennifer Barbour's legitimate claim. Metlife completely ignored the rest of the form which clearly indicated what I know were the wishes of my mother, Mrs. Julia Barbour, that her daughter, Jennifer, receive 100%. Despite OPM's notification and

1

the existence of a form designating Jennifer Barbour as 100% beneficiary, Metlife denied her claim and, launching into a series of untruths, solicited competing claims from me and her other siblings.

With full knowledge that its decision to refuse Jennifer Barbour's claim more than likely would be contested (Metlife is no babe-in-the-woods in the insurance business), Metlife distributed a notification among Jennifer Barbour's siblings promising each "his/her share", in full knowledge that contested funds can not be distributed (Metlife is no babe-in-the-woods in the insurance business). Three siblings took Metlife at its word, and filed claims, two of which persist. I was also told by Metlife's employee, Linda Rivera, that Metlife would begin processing the claims upon its receipt of seven claims from the siblings. Most of us knew our mother's intentions, including the two who filed claims, and did not file them.

Metlife invited the siblings to file, saying that Jennifer Barbour was not the designated beneficiary. Now, in the strife it has caused, Metlife wishes to act the innocent party. Metlife acted wrongfully, notwithstanding its legal citations. Having received papers from Jennifer Barbour's attorney, Ms. Jane Edmisten-Moretz, MetLife was fully aware that Jennifer Barbour would object; they cannot possibly deny anticipating her legal objection, given their long, long experience in the insurance field.

Metlife admitted to us siblings that it would process our "share" claims if it received seven (7) claim forms from us. (See Metlife letter dated June, 20, 2007 paragraph 5, Exhibit A attached). Instead, Metlife received 7 affidavits supporting Jennifer. What, then, was there to prevent Metlife from using the 7 affidavits to decide in Jennifer's favor? The reason is now clear. Metlife wanted money, and the affidavits would not get it for them.

2

The Interpleader filing, thus, was the culmination of their set-up to receiving at least one other claim so that it would conflict with Jennifer's. The only way they could procure the conflicting claims was on their false promises to pay. Now, they are to be rewarded for their breach of contract with my mother in failing to pay her designated beneficiary, in compliance with the FEGLIA Act. This is outrageous.

As a pro se defendant, I respectfully ask this Court to please look to those cases in the law that deny awards of fees and costs to an insurance company. This plaintiff intentionally solicited conflicting claims which were filed 5-6 months after my sister, Jennifer Barbour, filed her claim as the only named beneficiary. Metlife decided to wait until it received a conflicting claim (solicited by Metlife based on its contested denial of Jennifer's beneficiary status) to file its Interpleader. Simultaneously, Metlife had also the option of honoring 6-7 affidavits supporting Jennifer Barbour's legal claim. This burdensome litigation could have been avoided and an award to Plaintiff under these circumstances should be roundly denounced.

I respectfully request that this Court use its judicial discretion to deny Plaintiff's Motion for Attorney's Fees and Costs, in light of Metlife's deliberate, false statements to procure a claim to conflict with that of Jennifer Barbour, filed in December 2006, including Metlife's prevarication to Adam Barbour that the named beneficiary, our sister, was dead, to wit, "The designated beneficiary died before Ms. Barbour." (A copy of Metlife letter dated March 7, 2007 to Adam Barbour is attached hereto as Exhibit B).

3

I see no justification why our mother's policy or her beneficiary should, in any way, be held liable for Metlife's bungled attempt at what now has the appearance and odor of attempted fraud and unclean hands, using the law itself.

Attachments

Respectfully submitted,

*John P. Rhines*

John P. Rhines, Defendant
Pro Se
5233 N Capital Street NE #312
Washington DC 20011

Dated July 11, 2008

Certificate of Service

I JOHN PORTER RHINES hereby certify that the parties listed were served via first class US mail on July 11, 2008 at their addresses of record in this matter:

Electronic Notification -

Mr. Johnny Howard Esq. for Jennifer Barbour
Barry Tapp Esq. For Jordan Funeral Home
Ronda Esaw Esq. for MetLife

Mailing:

Jacinto Aneille Rhines - Los Angeles CA
Jamilla Rhines Lankford - Bellaire TX
Jerome Christopher Rhines - Rancho Cucamonga CA
Jesse Algeron Rhines Los Angeles CA
Julian Pembroke Steptoe Los Angeles CA
Marsha Steptoe Culler - Beltsville MD
Adam Asa Dubois Barbour Washington DC
Julie Steptoe Lee Washington DC
Carolyn Cecelia Steptoe Washington DC


_____
John Porter Rhines
Pro Se Defendant

OFFICE OF FEDERAL EMPLOYEES' GROUP LIFE INSURANCE
PO BOX 2627
JERSEY CITY, NEW JERSEY 07303-2627

June 20, 2007

Mr. Jesse A. Rhines Ph. D.
2122 Pico Blvd #D
Santa Monica, CA 90405

Re:  Insured – Barbour, Julia W.
     Claim Number – 2006 12 02967
     Amount of Insurance - $134,000

Dear Mr. Rhines:

This is in response to your recent telephone call on June 14, 2007 to Robert Henrikson Chief Executive Officer, MetLife, regarding the benefits payable under the Federal Employee's Group Life Insurance (FEGLI) policy due to the death of Julia Barbour.

The FEGLI program is governed by the Federal Employees' Group Life Insurance Act, 5 U.S.C. §§8701 et seq. ("FEGLIA"), the regulations at 5 C.F.R., Part 870 and the FEGLI Policy. The Office of Federal Employees' Group Life Insurance ("OFEGLI") is an administrative unit of MetLife, responsible for administering the claims process of the FEGLI program. All record keeping for the FEGLI program is done by agencies of the federal government (for active employees) or by the policyholder, the United States Office of Personnel Management ("OPM") (for compensationers and retired employees). OFEGLI becomes involved only following the death of an insured when documents from the deceased's personnel file that are relevant to adjudication of claims for his or her life insurance benefits are forwarded to MetLife.

This office has on file a designation of beneficiary form completed by Julia Barbour dated September 2, 1998, where she designated Jennifer Barbour as trustee. We have been informed that there is no trust of Julia Barbour; therefore the FEGLI benefits would be payable under the order of precedence (copy enclosed) to the insured's children.

Some of the insured's children have indicated that they want their share of the proceeds to go to their sister, Jennifer Barbour. We are currently waiting receipt of claim forms from all the children and release forms from those children wishing to release their share of the benefits. In addition, we are trying to determine the number of children the insured had, twelve or thirteen.

✱ Once we are able to determine the number of children of the insured, and we receive the majority of claim forms (seven), we will start to release the payments.

Whether you submit a claim form or not doesn't effect this office in making payment to the other children. However, if after one year from the date of the insured's death you do not submit a claim we may divide your share of the benefits to the other children. The benefits would not revert back to the Federal government. Around the one year anniversary of the insured's death we would send you a letter informing you of our intentions.

Should you have any further questions or concerns, please do not hesitate to contact me at 201-395-7820.

Sincerely,

Steven DeLucia
Unit Manager, OFEGLI

EX. A

**OFFICE OF FEDERAL EMPLOYEES' GROUP LIFE INSURANCE**
**P.O. BOX 2627**
**JERSEY CITY, NJ 07303-2627**

March 7, 2007

Mr. Adam A.D. Barbour
901 6th St., SW #606
Washington, DC 20024

Re:   Insured - Julia W. Barbour
      Claim Number - 20061202987
      Amount of Insurance - $134,000

Dear Mr. Barbour:

This is about the Federal Employees' Group Life Insurance (FEGLI) benefits of Julia W. Barbour.

I want you to know that I am sorry for your loss and will do everything I can to help you.

The designated beneficiary died before Ms. Barbour. Since Ms. Barbour does not have a surviving spouse, we must pay the insurance benefits to the children and descendants of any deceased children (please see the enclosed Order of Payment document).

Please complete the enclosed claim form in detail. Pay particular attention to **Part B**, regarding Ms. Barbour's marital history and **Part D**, which asks for the names, ages and addresses of Ms. Barbour's children and descendants of any deceased children.

I have received a certified death certificate for Julia W. Barbour. Another death certificate is not required.

When I receive the claim form(s) from the other child(ren) and/or any required document(s), I will process your claim. If your case requires no additional follow-up and/or documentation, the process takes about 10 business days. Please call me at 201 395-7957 if you have any questions.

Sincerely,

Linda Rivera/jj
Case Management Specialist
Enclosure(s)

Def. John Rhines

Ex. B

3M-Revised 3/05